## WHITTIER *vs.* WENDELL and a.

A judgment of a court in another State, against an inhabitant of this State, rendered without any service upon the defendant, or any appearance in the action, and remaining unsatisfied, is no bar to an action in this State, upon the original demand.

ASSUMPSIT upon a promissory note.

The defendants filed the general issue, and a brief statement, setting forth that at the court of common pleas, holden in and for the county of York, and State of Maine, February term, 1829, the plaintiff recovered judgment against them, in an action of assumpsit, upon the same note : and on the trial in the common pleas here, they offered in defence a copy of such judgment, rendered upon default, founded upon a promissory note, which it was conceded was the same note upon which this action was commenced.

It appeared that the original writ, issued in Maine, had been lost, and the precise time or manner of service in that action did not appear.

The writ in this case was dated April 28, 1828, and the defendants had been, from the date of the note, inhabitants of this State.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court upon the foregoing case.

*Durell,* for the plaintiff.

*Christie,* for the defendants.

PARKER, J.  If the defendants had appeared and answered to the action in Maine, perhaps the judgment in that State might be a good bar to the further maintenance of this suit, notwithstanding this action was commenced before the writ was issued in Maine.  9 *Johns. Rep.* 221, *Bowne* vs.

*Joy; 5 N. H. Rep.* 325, *Weeks* vs. *Pearson ;* 11 *Mass.* 265, *Stevens* vs. *Gaylord.*

But it does not appear from the copy of the judgment that either of the defendants appeared in the action, nor is there any evidence that any service was made on them, or either of them, in that suit.

It is suggested, that property supposed to belong to the defendants was attached—that no service was in fact made on them—and that the title to the property is still in controversy.

If it was shown that the plaintiff had taken property of the defendants in Maine, and had obtained, or might obtain, a judgment there which would be good against that property, this might furnish ground for an application to stay further proceedings here, until the proceedings there were closed, and the property applied in satisfaction of the debt. 1 *H. Black.* 136, *Folliot* vs. *Ogden ; ditto,* 150, *Wright* vs. *Nutt.*

And such satisfaction might well furnish a defence to a suit here, notwithstanding the court in Maine had no jurisdiction of the persons of the defendants. If the plaintiff, in conformity with the laws of Maine, had obtained a satisfaction of his debt from the property of his debtors, he could ask nothing farther.

But the question now is, whether the judgment rendered in Maine, on default, without personal service on the defendants, they being at the time inhabitants of this State, and without satisfaction, is a bar to an action here for the same cause ?

Should the plaintiff commence an action upon that judgment in this State, and the defendants plead in bar that they were, at the time of the institution of the suit, and the rendition of the judgment, inhabitants of this State—that no process was ever served upon them in that suit—and that they never appeared or answered to the action, (and such seem to be the admitted facts in this case) such action must

fail, and the judgment be held a nullity here. 5 *Wendell*, 148, *Starbuck* vs. *Murray; ditto*, 161, *Holbrook* vs. *Murray;* 4 *Cowen's Rep.* 292, *Shumway* vs. *Stillman;* 6 *Wend.* 447, *S. C.;* 19 *Johns. R.* 162, *Andrews* vs. *Montgomery;* 4 *Connecticut R.* 380, *Aldrich* vs. *Kinney;* 6 *Pick. R.* 232, *Hall* vs. *Williams;* 9 *Mass. R.* 462, *Bissell* vs. *Briggs;* 1 *N. H. Rep.* 242, *Thurbur* vs. *Blackbourne;* 3 *Mason's Rep.* 251, *Flower* vs. *Parker;* 3 *Wheaton*, 235, *note c.*

And if such judgment is to be regarded as null, should the plaintiff attempt to maintain an action upon it here, it must be held equally so when the defendants attempt to set it up in defence of an action upon the original demand.

It would be singular, indeed, if a judgment of another State, upon which the plaintiff could maintain no suit here, and obtain no satisfaction there, should be a bar to an action on the original demand in this State, so that the creditor would be wholly without remedy in any jurisdiction.

*Judgment for the plaintiff.*