## RANGELY *vs.* WEBSTER & a.

Brief statements, filed in pursuance of the statute in connection with the general issue, are for all purposes under similar regulations, as special pleas.

A special plea in bar, *puis darrein continuance*, should regularly be pleaded at the term of the court next succeeding the period of time when the matter of the plea arose.

This general rule, however, is not inflexible, but has its exceptions, *resting in the discretion* of the court.

And accordingly, such plea is receivable in the discretion of the court, although a term has intervened between the time when the matter of the plea arose, and the time of plea pleaded.

In such case the plea should be pleaded, *nunc pro tunc.*

And, likewise, brief statements, accompanying the general issue, of matter arising after a continuance of the action, and proper to be pleaded *puis darrein continuance*, are receivable in the discretion of the court, notwithstanding a term has intervened between the time when the matter of the brief statement arose and the time of filing the same; the exception going only to the time of their reception.

Whether such brief statements are receivable, if excepted to upon the ground that they are not within the purview of the statute of July 2, 1831, entitled " an act to abolish special pleading," *quære.*

The judgment of a court of record of any other of the United States, rendered without personal notice or appearance to the action, against a defendant at the time a citizen and resident within this state, when an action is brought thereon within this state, is treated as a mere nullity, and the action must fail.

And such judgment is equally a nullity, when produced in evidence in answer to an action commenced here upon the original demand.

But a judgment thus recovered in another state, and *partially satisfied*, constitutes a bar to a recovery upon the original demand here, to the extent of the sum paid there in virtue of the judgment, and to that extent only.

Where there are several defendants, and the judgment is entire against all of them, and is void as to one, it is void as to the others also.

ASSUMPSIT, upon a promissory note of the defendants, dated July 20, 1836, for $15·000, and payable to the plaintiff or order in one year from the first day of August then next, at one of the banks in Portland.

The case comes here upon an agreed statement of facts. The writ is dated August 26, 1837.

An action was commenced in the county of Cumberland, in the state of Maine, by the plaintiff against the defend-

ants, founded upon the note here declared on, and was entered at the October term of the court of common pleas, A. D. 1837, holden at Portland, in said county, and was therein continued to the March term of said court, A. D. 1838, at which term the defendants, not appearing nor answering to the action, were defaulted, and the action was continued for judgment from term to term, until the term of the district court for the western district, holden at said Portland, on the third Tuesday of June, 1839, when judgment was rendered therein.

An execution was issued upon said judgment on the 28th day of June, 1839, and returned on the 28th day of September, 1839, satisfied in part.

It did not appear from the record in said action, that the defendants had personal notice of the pendency thereof in Maine.

In the copy of the record of the judgment in Maine, Webster is set up as a resident of Conway, in this state, and Burnham as a resident of said Portland.

The action here was duly entered in the court of common pleas for the county of Strafford, at the term next succeeding the date of the writ, and was continued from term to term, until the January term of said court, A. D. 1840, when, it appearing that on the 28th day of January, 1840, the defendant filed as an answer to the action, the general issue, accompanied by a brief statement, setting forth the recovery of the judgment in the state of Maine, and that the judgment had been there satisfied, the plaintiff objected to the matter of the brief statement, and to its reception at so late a period; but the objection was overruled, and the statement admitted.

The plea and brief statement were entitled as of the August term of said court, in Strafford county, A. D. 1839.

In 1839 the terms of said court were holden in January and August.

It was agreed, that if this court should be of the opinion

upon these facts, that the action might be maintained, judgment should be rendered for such sum as they should deem the plaintiff entitled to recover; otherwise, that judgment should be rendered for the defendants for their costs.

*Christie,* for the plaintiff, to the point that the judgment in Maine furnished no answer to the action here upon the original demand, cited 2 *Kent's Com.* 91 ; 3 *Wilson* 297 ; *Whittier* vs. *Wendell,* 7 *N. H. Rep.* 252 ; 1 *Fairf.* 284 ; 4 *Conn. R.* 380 ; *Thurber* vs. *Blackbourne,* 1 *N. H. Rep.* 246 ; *Borden* vs. *Fitch,* 15 *Johns.* 121.

And he also contended, that the brief statement filed in this case, if admissible at all, should have been filed at the August term, 1839, and was not receivable at a later period.

*Bartlett,* for the defendants, argued that by reason of the judgment in Maine, on the same note here in suit, and between the same parties, the character of the evidence of the plaintiff's original demand was changed to a higher grade, and for that reason the action could not be maintained. He cited *Ward* vs. *Johnson,* 13 *Mass. R.* 148 ; *Smith* vs. *Whiting,* 11 *Mass. R.* 445 ; *Livermore* vs. *Herschell,* 3 *Pick.* 33 ; 1 *Mass. R.* 232.

He contended that the plaintiff was estopped, under the facts of this case, from alleging that the judgment was void, and that the defendants only could take advantage of that defect, if it existed.

He further contended, that it was within the discretion of the court to allow the filing of the plea at the period when it was filed in this case.

WOODS, J. The objection to the reception of the plea and brief statement cannot prevail.

The plea and statement constitute substantially a plea, *puis darrein continuance,* in bar of the further maintenance of the action.

Rangely *v.* Webster.

A term of the court had intervened between the time when the matter of the plea arose, and the time of plea pleaded. That intervention is made the ground of objection to the reception of the plea.

Brief statements, filed in pursuance of the statute, in connection with the general issue, are for all purposes, under similar regulations, as special pleas.

It is so provided by the 6th rule of this court, adopted for the conducting the business of this court, and of the court of common pleas.

The question then is, whether a special plea in bar, *puis darrein continuance*, by the rules of law, is receivable at a term of the court subsequent to that immediately succeeding the period of time when the matter of the plea arose.

Doubtless matter of defence, arising after a continuance of the action, and proper to be pleaded *puis darrein continuance*, should regularly be pleaded at the term to which the action is continued. *Tuffs* vs. *Gibbons*, 19 *Wend.* 639.

Mr. Stephen, (*Step. on Pl.* 82) after assigning as the reason for the rule of law on this subject, giving the right to plead the new matter, that the defendant had no opportunity to plead before the last continuance, says, " This new defence he was therefore entitled, *at the day given for his re-appearance,* to plead as a matter that had happened after the last *continuance."*

The fact that it is required that the plea in such case should state, with strictness, the term from which and the term to which the action was continued, and that the matter pleaded arose *after the last continuance,* would seem to indicate the rule to be as I have stated it. *Kimball* vs. *Wilson,* 3 *N. H. Rep.* 96.

The form of such pleas, also, given in the books, and sanctioned by long usage, would seem to recognize the same general rule. *Archbold's Civil Pl.* 355 ; *Stephen on Pl.* 82. This general rule, however, seems not to be inflexible, but has its exceptions, resting in the discretion of the court.

Tuffs *vs.* Gibbons, before cited, was a motion to set aside a plea of accord and satisfaction, pleaded *puis darrein continuance,* on the hearing of the cause before a referee. There had been several continuances between the time that the matter of the plea arose, and the time of pleading it. The court in that case say: "The court may in its *discretion* allow it to be pleaded, although *one or more continuances* have intervened."

In *Morgan* vs. *Dyer,* 10 *Johns. R.* 161, the objection was taken, that the plea, which was *puis darrein continuance,* was not pleaded in season. The language of the court in that case is, that "it rests in the *discretion* of the court to receive it or not, *after more than one continuance* between the time that the matter of the plea arose, and the coming in of the plea; and this discretion will be governed by circumstances extrinsic, and which cannot appear upon the face of the plea."

And in *Morgan & Smith* vs. *Dyer,* 9 *Johns. R.* 255, it is said, "if, in fact, *another continuance* had intervened between the certificate of bankruptcy and the plea of it, as a plea *puis darrein continuance,* the courts in England and here have permitted the defendant to plead it, *nunc pro tunc,* on payment of costs."

To the same effect is the decision in the case of the *Merchants Bank* vs. *Moore,* 2 *Johns. Rep.* 294, and *Broome* vs. *Beardsley,* 3 *Caines' R.* 172; and such also is the doctrine of the English courts. 1 *Chitty's Pl.* 659, *and note,* (*f.*)

The plea in this case was entitled as of the term to which the action was continued, and next succeeding the time when the matter of the plea arose. And we are of opinion, upon the authorities cited, that the court below had the discretionary power to permit the plea to be filed at the period at which it was filed. And that power having been exercised, and nothing appearing to show it an unsound exercise of its discretion by that court, we see no reason now for rejecting the plea, if we have authority so to do.

The opinion, however, upon this branch of the case, turns entirely upon the ground that the exception went only to the time of the reception of the plea and brief statement. If the exception had gone more broadly, and reached the form of pleading adopted in the case, it is not clear that the same would not have prevailed. It is at least doubtful whether the act of July 2, 1831, entitled " an act to abolish special pleading," warrants that mode of pleading in a case like the present.

Another question in this case is, whether the judgment in the court in the state of Maine, in favor of the plaintiff against the defendants, founded on the same note declared on in this action, under the facts and circumstances attending its rendition, constitutes a bar to the right of recovery in this suit.

The record of the judgment in Maine does not show that the defendants had personal notice of the pendency of that suit ; but does show that they did not appear nor answer to the action, and that the judgment was rendered upon default. The fact of notice is a fact which should appear of record, and which we are not to presume.

The language employed by Mr. Justice Bell, in delivering the judgment of the court in *Thurber* vs. *Blackbourne,* 1 *N. H. Rep.* 242, is thus : " Judgments of courts of record of one state, rendered without notice or appearance of the defendant, when sued in the courts of another state are not affected by the statute of 1790, but remain as at common law, mere nullities, unless within the jurisdiction where they were rendered."

Chief Justice Parsons, who pronounced the judgment of a majority of the court, in the very able and satisfactory opinion given in *Bissell* vs. *Briggs,* 9 *Mass. R.* 462, says, that " In order to entitle the judgment rendered in any court of the United States, to the full faith and credit mentioned in the federal constitution, the court must have had jurisdiction, not only of the *cause,* but of the *parties.* But such

Rangely *v.* Webster.

judgments, so far as the court rendering them had jurisdiction, are to have in our courts full faith and credit. To illustrate this position (he observes) it may be remarked, that a debtor living in Massachusetts may have goods, effects or credits in New-Hampshire, where the creditor lives. The creditor there may lawfully attach them pursuant to the laws of that state, in the hands of the bailiff, factor, trustee or garnishee of his debtor ; and on recovering judgment, those goods, effects and credits may lawfully be applied to satisfy the judgment ; and the bailiff, factor, trustee or garnishee, if sued in this state for those goods, effects and credits, shall in our courts be protected by that judgment ; the court in New-Hampshire having jurisdiction of the cause, for the purpose of rendering that judgment, and the bailiff, factor, trustee or garnishee, producing it, not to obtain execution of it here but for his own justification. If, however, those goods and effects are insufficient to satisfy the judgment, and the creditor would *sue an action* on that judgment in this state, *to obtain satisfaction*, he must fail, because the defendant was not personally amenable to the jurisdiction of the court rendering the judgment."

In *Hall* vs. *Williams*, 6 *Pick.* 232, Ch. Jus. Parker, in a very elaborate opinion, in which he has reviewed many of the leading cases in several of the state courts, and in the supreme court of the United States, upon the question of the extent to which faith and credit is to be given in one state to the judgments of the courts of record in any other of the United States, reässerts and reäffirms the doctrine of Bissell *vs.* Briggs and Thurber *vs.* Blackbourne.

And the doctrine of those cases is also recognized and approved in the decision of the recent case of *Whittier* vs. *Wendell*, 7 *N. H. Rep.* 257. *See, also, the auth. there cited.*

It appears by the copy of the record brought here by the defendants, and made part of the agreed case, that Webster was set up in the writ in the action in Maine, as of Conway in this state ; and so far as the record furnishes evidence at

all upon the point, it establishes the fact that Webster was an inhabitant and resident in this state at the date of the writ. And being thus set up in the record so furnished in evidence, and the fact not being shown to be otherwise, it sufficiently appears that Webster was, at the time of the commencement of the action, and of the judgment in Maine, an inhabitant and resident of this state. And being without the jurisdiction of the court, and without notice or appearance to the action, he could not be personally amenable to the jurisdiction of the court in Maine which rendered the judgment.

So far as Webster is concerned, therefore, it is well settled law that the judgment in Maine, if attempted to be enforced by suit here, must be treated as a mere nullity.

How does the case stand in regard to Burnham? Burnham is set up as of Portland, a place in Maine, and within the territorial jurisdiction of the court which rendered the judgment in question in this case.

Whether a judgment obtained against a defendant, without notice of or appearance to the action, would ordinarily be valid, or could be enforced within any other jurisdiction than that in which it is rendered, against a person at the time residing where the judgment was rendered, it is not material in this case to enquire.

The judgment is entire against both the defendants.

*Hall* vs. *Williams et al.*, before cited, was debt on judgment recovered against Williams and Fiske, the other defendant, in the superior court in the state of Georgia.

Williams was duly served with process, and by attorney appeared to the action in the court in Georgia. But no service was made on Fiske, nor was he an inhabitant of or resident in Georgia. A motion was made to strike out the name of Fiske, and that the suit might proceed against Williams alone.

But the court said, that " such an amendment would not help the case, for the judgment being *entire*, if it is a nullity with respect to one, it is also in the whole."

Rangely v. Webster.

*Holbrook* vs. *Murray et al.*, 5 *Wend.* 161, was error from the New-York common pleas.    The declaration was debt on a judgment, rendered in the court of common pleas in Suffolk, in Massachusetts.

The court say : " the facts stated in this plea being admitted by the demurrer, the defence of want of jurisdiction, as to the person of this defendant, (Murray,) is established ; as to him the judgment is not conclusive, not even evidence of a demand ; it is a nullity.    What effect has this on the other defendants, whose plea does not afford any defence ?   The judgment is *entire*, and if void as to one defendant, when there are several, it is void as to all."

And this precise point was decided, and in the same way, in *Richard* vs. *Walton*, 12 *Johns. R.* 434.

We hold, therefore, upon the authorities cited, that the judgment in question, if an attempt were made to maintain an action upon it within this state, must be deemed invalid ; a mere nullity, as to both of the defendants.

No suit, therefore, could be maintained here upon the judgment against either of the defendants. and only partial satisfaction has been obtained within the jurisdiction in which it was rendered ; nor does it appear by the case that full satisfaction can there be had.

If the judgment is to be regarded as a mere nullity, when an attempt is made to enforce it by an action here, the question arises, must it not be considered equally a nullity when the defendants set it up as a bar or answer to an action upon the original note upon which that judgment was rendered ? Can it be treated by one party as valid, while as it respects the other party, in reference to the same subject matter, it is held to be void ?  Can it be said, when the action is brought here upon the judgment, that the original demand does not rest in judgment, for the reason that the judgment is void ; while, at the same time, if the action were brought upon the original demand, it may be legally asserted by the same party that the demand has passed into judgment, and that the action cannot be maintained for that cause ?

The question is clearly the same, whether the action is brought upon the judgment, and its invalidity is made the ground of defence, or the action is upon the original demand, and its validity is insisted upon, as an answer to the action.

The question in either case is, whether the original demand has passed into judgment, and become merged in the higher security.

To maintain the position, that in the case of an action upon the judgment, the judgment is void, and may be so treated, but that when the action is upon the original demand, the same judgment is valid, is to maintain that the form and manner of the action adopted determine the character of the former judgment, its validity or invalidity, instead of the facts and circumstances attending its recovery.

But this precise point is decided in *Whittier* vs. *Wendell*, 7 *N. H. Rep.* 257 ; and we see no reason to question the correctness of that decision.

It was there decided, that such judgment forms no defence to an action brought here upon the original demand.

A different doctrine would present the anomalous case, of the remedy for a clear right, legally pursued in one jurisdiction, according to the course of legal proceedings in that jurisdiction, and happening to fail of accomplishing its legitimate purposes there, operating, by that very pursuit, to defeat the right altogether in every jurisdiction, by a destruction of all remedy.

It is true that a foreign judgment, where the court had jurisdiction of the cause only, is, when brought here, to be treated as void for some purposes, while at the same time it will be deemed and treated as valid for others.

In such case, if the object be to obtain the execution of it from our courts, and a defect of jurisdiction should appear, the party producing the judgment must fail.

If the object be to justify himself by the execution of the judgment in the jurisdiction in which it was rendered, the

justification is admitted, and the regularity of the proceedings is not to be enquired into. *Bissell* vs. *Briggs*, before cited.

But that rule of distinction, founded upon a difference of purposes, can furnish no rule for the decision of the question before us.

This is not the case of a party, attempting to justify any proceedings had, for the purpose of executing the judgment in the foreign jurisdiction. This is an attempt on the part of the defendants to defeat the recovery upon the original demand, upon the ground that the demand is evidenced by a higher species of evidence. And, moreover, the object of the party producing the judgment, as I have already shown, is the same, when, as in this case, the judgment is given in evidence in answer to the action, as if it were offered in support of an action upon the judgment itself, viz. : the establishment of the validity of the judgment and the merger of the original demand in the higher security.

It has been urged in argument, that the doctrine of estoppel applies in this case, and that, having obtained the judgment, and taken the fruits of it, the plaintiff is not to be heard to say that the judgment is a nullity.

If the assumed state of facts were true to the full extent set forth in the brief statement making part of this case, viz. : the recovery of the judgment and a complete satisfaction of it in the foreign jurisdiction, we see not why the position taken in argument might not be maintained. If the fruits of the judgment were enjoyed by the plaintiff to the full extent to which he was entitled, no reason would seem to exist why the action should be maintained ; or, in other words, why the judgment, together with the fact of entire payment and satisfaction thereof, should not form a complete answer to the claim of the plaintiff. It would be manifest wrong and injustice in a party, who should even by force of a void judgment obtain the entire satisfaction of his claim, and then attempt to recover the same again, upon the principle that the judgment which he had been instrumental in obtaining was

void for any cause whatever, so long as he should be permitted to enjoy the fruits of the judgment. Indeed I think we may say, it would be absurd to hold that the receipt of the amount of the original demand was less effectual as payment, because received in virtue of a judgment valid where rendered and where the payment was made, but void here, than it would be if received without any judgment at all.

But while any thing remains justly due upon the original demand, notwithstanding the fact of the void judgment and partial satisfaction, which the party seeks by his action to recover, we can discover no principle of wrong in the attempt, which can or ought, upon any view, to operate to estop the party to deny the validity of the judgment, which is in fact and in law void here.

There is no fraud in the case to work an estoppel. It is not an attempt to make advantage of one's own wrongful act. It is but pursuing a legal remedy, for the recovery of a right wrongfully withheld.

The plaintiff then is not estopped to deny the validity of the judgment, as contended by the defendants, and the proceedings in Maine do not constitute a bar to a recovery in this action, except to the extent of the partial satisfaction of the judgment which was obtained in that jurisdiction.

To that extent the partial payment made in Maine should bar a recovery in this action, upon the same rule of reason and law that an entire satisfaction of the judgment should be holden to be an entire answer to the action founded upon the original demand.

Let judgment, therefore, be entered for the plaintiff, for the remainder of the note, after deducting from the sum due upon it, the sum collected in Maine in part of the debt of the judgment there rendered.