Per Curiam.

There is no doubt of the sufficiency of the plea ; and the only question submitted to us is, whether the facts stated by the parties will maintain the issue on the part of the demandants, or, in other words, whether M'Farland took any present estate of freehold, under and by virtue of his contract with Peters and Pond. [*327 ] * It cannot be supposed that he took any such estate, unless by force of the clause in the bond, by which he and his heirs and assigns are permitted to receive the rents and profits to his and their own use, until the conveyance shall be made. These words are insufficient for that purpose. If any such estate passed to McFarland, it would defeat the manifest intent of Peters and Pond, *287 who intend to hold the land as security for the purchase-money, and not to complete the conveyance until the price was paid. The expressions in the bond would rather amount to a license to JR’Far-land, or an estate at will, as it was determinable at the will of JR’Farland, namely, by paying the purchase-money and taking a conveyance, and also at the will of Peters and Pond, by their demanding and enforcing such payment.
It is true that JR’Farland was in possession of the premises. But, as he did not acquire that possession by ousting the present demand-ants, they were bound to inquire how he first entered. This would be necessary to enable them to declare rightly, even if he had acquired a freehold estate. It is also necessary, in order to ascertain whether he is liable to their action at all.
If the demandants have not lost their right of entry, they may save themselves this trouble, by making an actual entry on the person whom they find in possession. If then he should abandon the premises to them, they will have attained all the objects of a suit. If he resists and ousts them, they may then maintain their action against him on that ouster and disseizin. If they have a good title to the land, and a right of entry, the person who should thus oust them could not qualify his own wrong, and say that he claimed only an estate for years, or at will.† Neither could he justify his entry by claiming under Peters and Pond, if the demandants had the better title to the land.
According to the agreement of the parties, the demandants must be called.

Demandants nonsuit.

 Ricard vs. Williams et al., 7 Wheat. 59.