## BENJAMIN PRICHARD *vs.* SIMEON ATKINSON.

A public highway through land is a breach of a covenant, which stipulates, that it is free of all incumbrances.
Selectmen have authority to lay out highways only in cases, where applications are made to them for the purpose.
The doings of selectmen, in laying out highways, cannot be supported, unless it appear, that due recompence was allowed to the owners of lands, through which they were laid out, and that the owners had an opportunity to be heard upon the subject of the damages.
But long use of a way is evidence, that it was duly laid out.

COVENANT broken. The plaintiff alleged in his declaration, that the defendant, by deed, dated December 10, 1813, conveyed to him a tract of land in Boscawen, and by the same deed covenanted with the plaintiff, that the same land was free of all incumbrances. The breach of the covenant assigned was a public highway laid out across the land, previously to the said conveyance.

The plea of the defendant traversed the existence of a highway ; upon which issue was joined.

Upon the trial of that issue here, at August term, 1825, the plaintiff produced the copy of a record, as follows :

" A return of a highway laid out by us, the subscribers, as
" follows, viz. beginning at a pine stump, which stands on the
" south line of land now owned by *John Mannuel*, and is also
" the south-east side of the highway, thence running south
" twenty-five degrees east 100 rods to a pine tree, near the
" end of the bridge. The above highway is to be four rods
" broad, on the northerly side of the above described line.

" Boscawen, July 26, 1796.

W. C.
T. T. } Selectmen."
E. L.

And then shewed in evidence, that, before the making of said record, the selectmen of Boscawen marked out a high-

way, leading from a certain pine stump to the bridge, mentioned in said record, and that the highway was afterwards opened from that pine stump to the bridge, across the land in question.   But it appeared in evidence, that the said stump was not on the south line of the *Mannuel* land, being about six rods south of that line ; and that there was a pine stump, on that line, about six rods from the other stump, from which a line drawn to said pine tree would not cross the land in question.

The defendant objected, that the said record was not legal evidence of the existence of a highway, and that as the record stated, that the road was to be on the northerly side of a line drawn from a pine stump, on the south line of land owned by *John Mannuel*, to a pine near the bridge, the plaintiff ought not to have been permitted to show, as a monument, any pine stump, which was not upon the south line of that lot.

But the court overruled these objections ; and the jury having returned a verdict for the plaintiff, the defendant moved for a new trial.

*Webster*, for the plaintiff.

*Atkinson*, for the defendant, contended, that a public highway was not a breach of the covenant against incumbrances, and cited *Whitebeck vs. Cook & wife*, 15 *Johns*. 483.

He also contended, that the record of the laying out of the highway, in this case, was materially defective ; 1st. because it did not appear, that any application was made to the selectmen to lay out the way.  2dly.  Because it did not appear, that any thing was allowed by the selectmen to the owner of the land, through which it was laid out.   And 3dly, because it did not appear, that notice was given to the owners of the land, that the selectmen were about to lay out a highway ; and he relied, in support of his objections, on the 12th article of the bill of rights.  2 *N. H. Rep* 309, *Hardy vs. Houston.*—1 *Mass. Rep.* 86.  *Inhabitants of Lancaster vs. Pope.*—2 *Mass. Rep.* 489, *Commonwealth vs. Coombs.*—6 *Mass. Rep.* 492.

He, therefore, insisted, that, as the record was the only evidence of the existence of a highway, which the plaintiff offered to the jury, the defendant was entitled to a new trial.

RICHARDSON, C. J. delivered the opinion of the court.

If the objection made in this case, that a highway is not an incumbrance within the meaning of the covenant, stated in the declaration, were well founded, there is no doubt, that judgment must be arrested. But this exception cannot be sustained. A highway is clearly an obstruction to the exercise of that dominion over land, which a lawful owner is entitled to exercise, and as such must be considered as an incumbrance. The case of *Kellogg vs. Ingersoll*, (*2 Mass. Rep.* 92,) is directly in point.

It is not improbable, that individuals sometimes inadvertently convey lands, through which there are public highways, with covenants against all incumbrances. But negligence of this sort cannot change the nature of things, nor be a just ground for departing from a well settled rule of law. A public highway is in its nature an incumbrance, and must be held to be a breach of a covenant, which stipulates, that there are no incumbrances. We are not aware of any rule, by which a different construction can be given to such a covenant. The judgment cannot, therefore, in our opinion, be arrested on that ground.

The defendant has applied for a new trial, because the record of the laying out of the highway, offered to the jury, was materially defective ; and if this exception be well founded in fact, there must be a new trial ; for the record was submitted to the jury, as legal evidence of the existence of a highway.

As selectmen derive their authority to lay out highways from a statute, it is not to be doubted, that in exercising the authority, they must substantially pursue the directions of the statute ; otherwise their doings will be void. Upon looking into the statute of February 8, 1791, which gives this authority, we find, that selectmen are empowered to lay out roads only " on application made to them." They are not authorized to lay out roads, when and where they please ;

Pritchard
*vs.*
Atkinson.

but to give them power to act, an application for that purpose must be made to them by some person or persons. It must, therefore, in some way appear, that they acted upon an application, in every case, in order to render their proceedings legal.

We also find provisions in the statute declaring, that due recompence shall be made to the owners of lands, through which roads are laid out, for all damage they may sustain thereby, and that any person aggrieved by the selectmen, in not making sufficient allowance, may apply to the court of sessions for redress. No doubt can be entertained, that these provisions in the statute give to every person, through whose land a road is laid out, not only a right to a recompence for the damage he sustains, but to an opportunity to be heard before the selectmen upon the subject. On principles of natural justice he is, therefore, entitled to notice of the laying out of a highway. We are, therefore, of opinion, that the doings of the selectmen, in a case of this kind, cannot be held legal, unless it in some way appear, that due recompence was allowed to the owners of land, and that they had an opportunity to be heard on the subject.

There should be, in every case, an application in writing to the selectmen ; and, when a road is laid out, this application should be recorded as the foundation of their doings. They ought to state, in the record of their proceedings, the names of all the persons, through whose land the road is laid out ; the sums they awarded to each person ; and that each owner of land had notice of their doings, and an opportunity to be heard.

Whether defects in the record of a highway, in these respects, can be legally supplied by parol evidence, is a question, which it is unnecessary now to decide.

It seems, however, to be well settled, that from long use, highways may, in some cases, be presumed to have been legally laid out. 2 *Johns.* 424, *Colden vs. Thurbur.*—7 *ditto* 106, *Galatian vs. Gardner.*—9 *ditto* 365, *Sage vs. Barnes.*—2 *N. H. Rep.* 513, *the State vs. Campton.*—*Yelv.* 142, *note.*—1 *Camp.* 260, *Rex vs. Lloyd.*—10 *Johns.* 236, *Shaw vs. Crawford.*—11 *East* 375, *note.*

And we are inclined to think, that where a highway has been made, in pursuance of a laying out by selectmen, and has been used for a considerable time as such by the public, without interruption, a jury would be warranted in presuming, that there was an application and notice, and that the damages were in some way adjusted, although nothing appeared in the record on the subject.

But in the case now before us, as it appears, that the record offered to the jury was clearly defective in these respects, and as it was not left to the jury to presume from the length of time the public had used the way, that it was regularly laid out, we are of opinion, that there must be

*A new trial granted.*