STRAFFORD, FEBRUARY TERM, 1826.

### JOSEPH CLARK *vs.* MATTHEW PERKINS.

A person *non compos mentis* is neither capable of indorsing a writ, brought in his name, himself, nor of giving any other person authority to indorse it, with his name.

Where a suit was brought in the name of a person *non compos mentis*, residing in this state, and the writ indorsed by the attorney, who commenced the action, in a *scire facias* against the attorney, as indorser of the writ, the plaintiff had leave to amend upon terms.

THIS was a *scire facias* against the defendant, as indorser of a writ.

*Moody*, for the plaintiff, moved the court for leave to amend the *scire facias*.

This motion was opposed by *Woodbury*, on the ground, that the plaintiff in the writ indorsed by the defendant was an inhabitant of this state, in which case the court never granted leave to amend a *scire facias* against an indorser. *Farnum vs. Bell, ante* 72.

*Moody* then shewed, that the plaintiff in the writ indorsed by *Perkins* was, at the time the same was sued out, a person *non compos mentis* and under guardianship, and contended,

that the rule, laid down in *Farnum vs. Bell,* could not apply to such a case ; because the *non compos* was incapable of indorsing his own writ, and also of giving any authority to indorse it.

And the court, being of that opinion, gave the plaintiff leave to amend upon terms.