*Bartlett & Emery*, for the trustee.

# WIGGIN & a. *vs.* EXETER.

Highways in this state can properly be laid out by selectmen, or the court of common pleas, only upon application in writing for that purpose.

And highways must be laid out in conformity with the prayer of the petition.

The rule of construction applied in the case of deeds of conveyance of real estate, determining a line between given termini, not otherwise limited or restricted, excepting by a given course, to be a straight line, is not applicable in the case of a petition for a highway.

A petition for a highway, giving the termini of the way, without fixing any intermediate bounds, in pursuance of the rule of this court, is not necessarily a petition for a way upon a straight line between those termini, but is to be construed as leaving it in the discretion of the commissioners to determine its intermediate course.

Accordingly, where the petition gave the termini of the way prayed for, but fixed no intermediate bounds, or restrictions, except the course, and the commissioners to whom the petition was committed, made a report, laying out a way varying from a straight line between the termini given, it was *held*, that the way was laid out in conformity with the prayer of the petition, and that the commissioners acted within the scope of their authority under the petition.

PETITION for a highway in Exeter, " commencing on the northerly side of Front street, at the centre of Spring street, and thence running southerly to the new road leading from Exeter to Kensington, and striking said new road at the point where a straight line drawn from the first mentioned point on Front street, through a point forty feet westerly of the west end of the gun-house, will strike said new road ; the road to be forty-five feet wide, and said termini to be the centre thereof."

The report of the road commissioners described the way laid out by them upon said petition, as follows : " Commencing on the northerly side of Front street, at the centre of Spring street, and thence running south, twenty-six degrees east, three rods and twenty links, to a stake and stones near the fence of Nathaniel Gilman ; thence south, three and one half degrees west, twenty-eight rods and sixteen links, to a stake and stones one rod and twenty-one links westerly from the south-westerly corner of widow Moulton's house, on a straight line with the southerly side of said house ; thence south, one and one half degrees east, twenty-four rods and five links, to the new road leading from Exeter to Kensington, at a point where a straight line drawn from the first mentioned point on Front street, at the centre of the head of Spring street, through a point forty feet westerly of the west end of the gun-house, would strike said new road leading from Exeter to Kensington."

On the coming in of said report the town of Exeter objected to its acceptance, for the alleged reason that the road prayed for in said petition is on a straight line from one of said termini to the other, and that the road laid out, as described in the report of the commissioners, is a road from

one of said termini to the other, but varying from a straight line in its course, and that the report and doings of said commissioners were altogether unauthorized and void.

*Lawrence,* for Exeter. The question is whether, on a petition for a highway upon a straight line, a road can be laid out upon a line varying materially from a straight line. We contend it cannot, and that such a laying out would be void.

The line of the way asked for in the petition is clearly a straight line from one terminus to the other; while it appears, from the courses and distances set out in the report, that the way laid out is not upon a straight line.

The same rule of construction is applicable in the case of a petition for a highway, that is applied in construing deeds.

*Bell & Tuck,* for the petitioners. The rule in relation to the construction of deeds does not apply in this case, nor does the reason for that rule apply.

The reason for the rule of construction which is applied in the case of deeds, is, that a definite line is wanted, and upon the very apparent necessity for such definite line or boundary, the rule is based.

In the case of a petition for a highway, no such object is to be attained; but, on the other hand, a discretionary power is to be given to the committee. The practice was formerly to insert the intermediate points, or limits of the way, in the petition. The rule of the court, however, now requires that the intermediate bounds should be left out. No rigid rule of construction should be applied in cases like the present.

We contend, also, that the objection relied upon should have been taken at an earlier stage of the case.

The purpose of the rule of the court is, to give the committee a right to vary from a straight line, in laying out the way petitioned for.

WOODS, J.   Highways in this state are properly laid out by selectmen, only upon application or petition for that purpose.   *Pritchard* vs. *Atkinson*, 3 *N. H. Rep.* 335.   And by the express language of the statute, such application must be in writing.   *N. H. Laws* 573, (*Ed. of* 1830.)   And they must be laid out in conformity with the prayer of the petition for the same.   Selectmen are not authorized to lay out roads when and where they please.   (*Pritchard* vs. *Atkinson, before cited.*)   And in like manner in these particulars, the authority of the court of common pleas is also limited.

Nor, indeed, is this view questioned, or a different doctrine contended for on either side.

The statute, which confers the authority to lay out highways upon application in writing, does not prescribe the terms or form of the petition.   Under a statute of this state, however, authorizing this court to prescribe rules for conducting the business of this court and of the court of common pleas, a rule was adopted, requiring that all petitions for highways should give the termini of the ways prayed for, without fixing any intermediate bounds.

Prior to the adoption of the rule referred to, it often happened that persons petitioning for highways, by the terms of the petition, expressly limited the ways to particular localities, over which it was found, in the judgment of the commissioners or committee, to be impracticable or inexpedient, and not for the public good, that the ways should be laid out ; and the result was a failure to lay out the ways, and delay, and increased expense, even in cases where the public good required roads to be laid out between the termini of the ways asked for, but not upon the lines to which they were limited.   In such cases, the committee or commissioners, having no authority to lay out the ways in any other places than those specified in the petitions, the ways were of course not laid out, and the public were left to suffer from the want of them.

To remedy these evils, the rule was adopted to which re-

ference has been made. The intention and purpose was, to prescribe such a form of petition, that in conformity with its terms, and consistently therewith, the committee or commissioners might exercise their own discretion as to the particular localities over which the ways should pass between the termini specified. Such was most clearly the design of the court in adopting the rule, while the manner of accomplishing the object was to give the termini expressly in the petition, and to leave out all mention of intermediate bounds.

The petition under consideration, and to the terms of which we are called upon to give a construction, conforms in its language to the requirements of the rule on this subject. It gives the termini of the way prayed for, but does not expressly fix any intermediate bounds.

It is said, however, on the part of Exeter, that although it does not in terms, yet, in legal effect, it does fix intermediate limits. It is contended that in conformity with the familiar and well settled rule of construction, applicable in the case of the lines and boundaries in deeds of conveyance of real estate, the road prayed for, running from point to point, and being without any other limit or restriction, excepting the course of the way expressly given, must be construed to be a road upon a straight line between those points.

The rule of construction which prevails in relation to deeds, is, undoubtedly, as stated by the counsel for Exeter, and has been long and well settled, and rests on solid reasons. It was important, in such cases, that some rule of universal application should be adopted. It is essential that the boundaries of estates should be fixed, definite and certain. And, indeed, it is difficult to see what other rule could be applied, and fixedness and certainty of boundaries be attained. It is a rule, too, well calculated to carry into effect the probable intention of the parties. And for the accomplishment of these objects it has been adopted and applied.

But no such reason exists for the application of the same rule of construction in the case of petitions for highways;

and the reason not existing, the rule itself should not exist. Indeed, there is not only no reason for the application of the rule, but there is strong reason against it. Experience has shown the necessity of leaving it to the discretion of the commissioners to determine the line of the way, between the termini given, with no other limit. In view of such necessity, the rule of this court was adopted, in effect confering upon them such discretionary power.

And the petition in this case was evidently drawn in reference to the rule of this court already referred to ; and the object and design of the petitioners, as are also those of the rule, were to confer upon the locating committee, or commissioners, a discretionary power in determining the intermediate localities of the way between the termini. Seeing this, the court are bound to give effect to that intention, if it may be done consistently with the rules of law. And we see not that it will be in violation of any rule of law applicable to this subject.

But an adoption of the rule contended for on the part of the town, would defeat the manifest designs of the petitioners, and of the rule of court, and in effect abrogate the rule itself.

The rule, as we have seen, requires that the petition should give only the termini of the way prayed for, without fixing any intermediate bounds ; nevertheless Exeter asks that while the petition, in pursuance of the requirements of the rule, avoids, in terms, limiting the way to intermediate bounds, the court should construe this omission expressly to limit it, as limiting it, by virtue of a rule of construction, both reasonable and well established, in relation to the subject to which it has been applied, yet, as we believe, never adopted and applied in a case like the one under consideration.

Such a construction of the petition, however, we think is uncalled for, and unwarranted by the rules of law, reason or usage, or by the most obvious meaning of the language employed in the petition. It certainly would be doing no vio-

lence to the language of the petition, but would be in accordance with its plain and evident meaning, to construe it as asking for a road over such lands between the termini given as the committee might deem fit and proper.

Besides, we believe that petitions like the one under consideration have received a practical construction, in conformity with the opinion already expressed, and that the usage has become at least very general, if not uniform, with the members of the bar, to draft petitions in the form adopted in this case. And upon such petitions, highways have been laid out, conforming to or varying from straight lines, as, in the judgment of the commissioners to whom they were committed, the public good seemed to require. And even if this construction were in its origin founded in error, we should, from our belief of the generality of its adoption, and the practice conformable to it, strongly incline to regard it as a case coming fairly within the principle of the legal maxim, *communis error, facit jus.* Indeed, upon any other construction the rule of the court, adopted for wise and useful purposes, would defeat itself. It would in its operation be *felo de se.* While its requirements permitted no intermediate limits to be given, its legal construction, as contended for by Exeter, would render it impossible to frame the petition in conformity with the requirements of the rule, both in its terms and real operation. For while it should omit, in terms, to fix any intermediate limits, it would limit the way asked for, by construction, which must be regarded as being equally forbidden by the rule of court.

We are, therefore, of the opinion that the road prayed for was not necessarily a straight road from terminus to terminus, and that the commissioners, in laying out the way varying from a straight line, did not exceed but acted within the scope of the authority conferred by the petition, and that the exceptions taken to the report must be overruled.

Let the result of this opinion be certified to the court of common pleas, accompanied with an order for the acceptance of the report.