## RUSSELL *vs.* PERRY.

A judgment rendered by an inferior court of another State may be impeached by proof that the court had no jurisdiction of the subject matter.

If a justice of the peace in Vermont render judgment in a cause over which he has no jurisdiction, the judgment will be void, and will be no justification in an action of trespass brought against him.

A judgment rendered by a justice of the peace in Vermont, in a cause in which he is interested, is void.

*Semble* that at common law a judgment would be void, if rendered by a court which is interested in the cause.

TRESPASS, for taking and carrying away a quantity of hay, at Cabot, in Vermont.

Plea, the general issue, and a brief statement.

It was agreed that the hay was taken by one Joseph Preston, a deputy sheriff for the county of Caledonia and State of Vermont, on the 4th day of April, 1840, on an execution duly issued by the defendant on a judgment rendered by him as a justice of the peace for said county, on the 1st day of February, 1840, in an action Fisher *vs.* Russell, in due course of law.

The defendant was duly commissioned and authorized to act as a magistrate, and the plaintiff admitted that all the proceedings in the action were regular in point of form. But he contended that the judgment was void, and on this point he offered evidence tending to prove that at the time of the rendition of the judgment the defendant was interested in the subject matter thereof.

To this evidence the defendant objected, on the ground that he had jurisdiction of the cause and party in Vermont, and duly rendered judgment therein, according to the laws of that State, unless on the ground of interest; and that act being a judicial act, he could not be holden as a trespasser here therefor, while the proceedings in Vermont remained unreversed.

The evidence was rejected by the court, and a verdict was taken for the defendant; upon which judgment is to be rendered, or it is to be set aside and a new trial granted, according to the opinion of this court.

*Ainsworth,* for the plaintiff. This is a personal action, and is properly brought here. 1 *Chitty's Pl.* 300; and is transitory, *Glen* vs. *Hodges,* 9 *Johns.* 67. The jurisdiction of the court in Vermont may be inquired into. *Story's Confl. of Laws, sec.* 603; *Bissell* vs. *Briggs,* 9 *Mass.* 462; *Shumway* vs. *Stillman,* 6 *Wend.* 449; *Thurber* vs. *Blackbourne,* 1 *N. H. Rep.* 242. The pecuniary interest of the magistrate rendered him incompetent, apart from the statute of Vermont. 7 *Mass.* 461, *Hawkes* vs. *Inhabit. of Kennebeck;* 13 *Mass.* 324, 341, *Pearce* vs. *Atwood.* And as he exceeded his jurisdiction, the judgment is void and the magistrate is a trespasser. *Adkins* vs. *Brewer,* 3 *Cowen* 206; 11 *Johns.* 444, *Curry* vs. *Pringle;* 12 *Johns.* 257, *Smith* vs. *Shaw;* 15 *Johns.* 152, *Cable* vs. *Cooper;* 3 *Cranch* 331, *Wise* vs. *Withers.* And it has been settled in Vermont that a magistrate who is interested in a case cannot render judgment in it. 5 *Verm. R.* 124.

*Thompson,* for the defendant. The magistrate had a general jurisdiction over the subject matter of his proceedings, and his acts, however erroneous, are not void. *Gorrill* vs. *Whittier,* 3 *N. H. Rep.* 265; *Hall* vs. *Biggs,* 2 *Salkeld* 674; *Wood* vs. *Peake,* 8 *Johns.* 69; *Butler* vs. *Potter,* 17 *Johns.* 145. That the interest of the magistrate did not

render the judgment void, see *Hesketh* vs. *Braddock*, cited 3 *N. H. Rep.* 269. The proper remedy is by petition, or *audita querela*. The prohibition against the magistrate's sitting in a case in which he is interested, is mere matter of error.

*Bell*, on the same side, argued that the cause of action was within the jurisdiction of the magistrate, and the objection should have been taken at the trial in Vermont. The objection might have been waived by the party, and it was waived by the omission to take it, and therefore the party cannot now avail himself of it.

GILCHRIST, J. It would seem that at common law no person could sit in the trial of a cause, who had any interest in it. In *Hesketh* vs. *Braddock*, 3 *Burrow* 1847, the judgment of the portmote court of the city of Chester was reversed, because the sheriff and jurors were interested in the case. The objection was not taken that the judgment was void, but Lord Mansfield said that there was no principle in the law better settled than that the smallest degree of interest in the question depending was a decisive objection to a witness, and much more to a juror. Although a judge or magistrate is not in terms comprehended within this general exclusion on account of interest, the principle applies with equal strength to them, and particularly to a magistrate exercising the authority both of judge and jury. *Pearce* vs. *Atwood*, 13 *Mass.* 324, 341. In that case, where a judgment was rendered by a magistrate who was interested, the court avoided deciding that the proceedings were wholly void, so as to make the officer a trespasser, on the ground that the interest of the magistrate might be unknown to the officer, and that the reception of the complaint and the issuing a warrant by the justice might perhaps be considered as merely ministerial acts. But in the same case it is said by *Parsons*, C. J., to be very certain that "by the principles of natural

Russell *v.* Perry.

justice, of the common law, and of our Constitution, no man can lawfully sit as judge in a cause in which he may have a pecuniary interest." In an anonymous case, 1 *Salkeld* 396, " the mayor of Hereford was laid by the heels for sitting in judgment in a cause where he himself was lessor of the plaintiff in ejectment, though he by the charter was sole judge of the court." In *Day* vs. *Savadge, Hob.* 85, it was held that " even an act of parliament, made against natural equity, as to make a man judge in his own cause, is void in itself." *Co. Litt.* 141, *a ; Com. Dig., Justices*, (J 3.)

From these authorities it would seem that a judgment, rendered by a judge who was interested in the cause, would be void at common law. But the principle thus recognized has been incorporated into the legislation of Vermont. It is expressly provided that no justice of the peace shall take cognizance of a cause in which he shall be directly or indirectly interested. *Act of Mar.* 4, 1797, § 23 ; *Rev. St. of Vermt.* 170, § 10. And a judgment by confession, rendered by a justice who is related to the creditor within the fourth degree of affinity, is void for want of jurisdiction. *Hill* vs. *Wait,* 5 *Verm. R.* 124. Where the justice is interested, or is related to either party as above, or shall have been of counsel, the statute prohibits him from acting judicially. These cases, then, are excepted out of the ordinary jurisdiction of a justice, and over them he has no jurisdiction. A long succession of decisions from an early date has settled that a judgment of an inferior court which has no jurisdiction over the subject matter is *coram non judice,* and void. *Case of the Marshalsea,* 10 *Co.* 68, 76, (*a*)*;* and the judicial officer can derive no protection from it. *Perkin* vs. *Proctor,* 2 *Wils.* 382 ; *Branwell* vs. *Penneck,* 7 *B. & C.* 536 ; *Smith* vs. *Knowlton,* 11 *N. H. Rep.* 198 ; *Savacool* vs. *Boughton,* 5 *Wend.* 170 ; *Elliott* vs. *Peirsol,* 1 *Pet.* 328 ; *Wood* vs. *Peake,* 8 *Johns.* 69 ; *Butler* vs. *Potter,* 17 *Johns.* 145 ; *Adkins* vs. *Brown,* 3 *Cowen* 206.

It is unnecessary in the present case to examine the ques-

tion, how far the merits of a foreign judgment may be inquired into. The subject is a difficult one, and it is not settled how far the inquiry may be carried. But a power to act is the first thing to be shown by courts of limited and special jurisdiction. Upon principle, the operation of every judgment must depend on the power of the court to render that judgment : in other words, on its jurisdiction over the subject matter which it has determined. Its jurisdiction, then, must be inquired into by the court which is called upon to decide as to the effect of the judgment it has rendered. The power under which it acts must be looked into, and its authority to decide questions which it professes to decide, must be considered. Upon this point the authorities are consistent with each other ; and they settle that the want of jurisdiction in a court rendering a judgment may be shown collaterally, whenever any benefit or protection is sought under the judgment. *Putnam* vs. *Man,* 3 *Wend.* 202 ; *Elliott* vs. *Peirsol,* 1 *Pet.* 328 ; *Taylor* vs. *Bryden,* 8 *Johns.* 173 ; *Rose* vs. *Himely,* 4 *Cranch* 241, 269, 270. In *Douglass* vs. *Forrest,* 4 *Bingh.* 686, *Best,* Ld. Ch. J., said that if the judgment of a foreign court be repugnant to the principles of universal justice, no effect ought to be given to it. So the transcript of the proceedings of an admiralty court abroad should show expressly, and not by mere inference, that the defendant was within its jurisdiction. *Obicini* vs. *Bligh,* 8 *Bingh.* 335. The defendant may show that he was not within the jurisdiction of a foreign court which rendered judgment against him. *Buttrick* vs. *Allen,* 8 *Mass.* 273. Numerous additional authorities on this point are collected in *Story's Confl. of Laws,* § 607, 608.

The opinion of the court is, that the judgment rendered by the defendant is void, on account of the want of jurisdiction ; that the verdict must be set aside, and that there must be a *New trial.*