## SUMNER'S PETITION.

Where an original petition to the court of common pleas for a new highway in two towns, was referred to certain persons as road commissioners, who reported a highway to be laid out, (as their report showed) wholly within one of the towns only, it was—*Held,* that the court of common pleas had no jurisdiction to accept their report.

PETITION, in the common pleas, for a highway from a certain bridge in Claremont to a certain house in Charlestown.

The petition set forth that "there is occasion for a new highway in Claremont and the north part of Charlestown, running and turning off easterly from the river road, about eighty rods south from the southerly end of Lottery Bridge, so called, in Claremont, and running southerly, on or near the ground located for a road by the court committee in 1837, to the Lower Gully Brook ; from thence, on the best ground for a road, to the house of Jesse Farwell, in Charlestown. Therefore the undersigners request your honors to lay out,

on said route above described, a highway of the width of three rods, and cause a record thereof to be made, in the manner and form by law prescribed."

The road commissioners, to whom it was committed, in their report say that, after due notifications, examinations and hearings, they "judge it expedient and necessary for the public accommodation that the burden of making and maintaining a highway on the route aforesaid, *in the town of Claremont*, as hereafter described, should be imposed upon said town of Claremont," &c. The report then set forth the courses, distances, &c. of the proposed road, from all of which, and from other parts of said report, it appears that said road as laid out was wholly within the town of Claremont.

The commissioners' report was accepted in the common pleas, subject to the opinion of this court upon various exceptions taken by the town of Claremont.

*Hubbard*, for the petitioners.

*P. C. Freeman*, for the town of Claremont.

PARKER, C. J. A large number of exceptions have been taken in this case, which we have not had occasion to consider, as the case will be finally disposed of by the judgment of the court upon one class of them, to which, therefore, we confine our opinion.

The exceptions which this court have been called upon to consider are founded upon the fact that the petition under which these proceedings were instituted, being for a "highway in Claremont and the north part of Charlestown," the commissioners to whom the petition was referred have reported and located a route wholly within the town of Claremont; and so, it is argued, not observed the *termini* mentioned in the petition, nor acted in conformity with it. The exception then is, substantially, that the court of common

pleas had no jurisdiction to accept such a report, and thus to locate a highway in a single town. And we think that this exception is well taken.

Nothing is clearer than that our statutes relative to highways intend to give, so far as may be, the whole control of town highways to the town authorities. " Whenever there shall be occasion for any new highway in any town in this State, the selectmen are hereby authorized and empowered to lay out the same." It is true that if they refuse or neglect to do so, after due application made to them, the matter may be brought before the common pleas by petition, and that court may then refuse or grant the highway, as shall be deemed expedient after due proceedings have been had. But in no case, not even in widening or straightening a town highway, has that court any jurisdiction except in this way of a petition, founded on the neglect or refusal of the town. It would, indeed, be a strange state of things if it were otherwise. In ordinary cases the inhabitants of a town, who are to bear the charge of a projected road, should be the sole judges of the necessity or expediency of the measure. Any other course would be at variance with our whole system, which gives to those who are to furnish the supplies the control and regulation of them.

The inhabitants of a town are, too, naturally the best judges of the fittest location, and of the various needs and conveniences of their fellow townsmen. The whole control of a road within the town limits, is, therefore, properly left to them in the first instance, reserving a kind of appeal to a higher tribunal, *in case the town authorities refuse to act.* But if they *do* act upon a petition, and proceed to lay out a highway accordingly, they are (within their limits,) the only and final judges as to its extent, course, grade, &c., &c. But we are not called upon to vindicate the policy of this system. It is enough to say that, in general, it is so. The reasons for it will commend themselves to all.

Will this court, then, allow this plain principle of the law

to be evaded by any indirect means ? The original jurisdiction of the court of common pleas in the matter of new highways is confined to cases where "it shall be necessary to lay out a highway over land in two or more towns in the same county, or in different counties," or where "there shall be occasion for a new highway through a tract of land not within any town." The reasons why this class of cases should come under the supervision of the county courts, are similar to those which confine the other class to the town authorities. Neither tribunal should interfere with what has been made the peculiar province of the other. And what is it but a mere evasion, if the county court proceeds to lay out, within a single town, a highway *de novo*, merely by virtue of a petition which asks for one over land in two or more towns ? If this were allowed, the whole jurisdiction over all proposed roads might be transferred from the town to the county authorities, at the will of any petitioner. Practically, the result would probably be that the very cases which most demanded the attention of those who were familiar with the details, would, at the instance of some few persons, be taken from them and placed with those who were less capable of judging rightly, and thus the legitimate course of county business in the court of common pleas would be impeded by reason of this additional labor, and many inconveniences and crudities introduced into our practice.

In the present case, then, we have no hesitation in saying that the court of common pleas had no jurisdiction in the matter of the highway set forth and described in the commissioners' report. Of the petition they had jurisdiction. It alleged that the public good required a highway from one town to another. But the report was not in conformity with the petition, for by it a highway was laid out in one town only ; thus negativing, as it were, the allegation of the petition, on which alone their jurisdiction depended. For there is no pretence in this instance that the selectmen of the town of Claremont, on due application to them for the pur-

Sumner's Petition.

pose, had neglected or refused to lay out the highway in that town which the present petitioners desire. The whole proceedings are contradictory. It was a manifest usurpation, on the part of the county authorities, of the powers of the town. The road commissioners went out of their authority in reporting a road within but one town. It was not a report upon the subject matter referred to them, and therefore it should not have been accepted. The order of this court therefore is, that the acceptance of the report of the commissioners in the court of common pleas be set aside, and that the                                      *Report be rejected.*