# THE STATE *v.* RICHMOND.

The word *void*, in its strictest legal sense, means null, absolutely invalid, for all purposes and as to all persons, and incapable of confirmation.

In a less strict sense, it signifies invalid as to some persons and in some respects, though effectual as to others.

It also signifies invalid, but capable of being confirmed.

It is also used where the meaning is more properly expressed by the word *voidable*, which ordinarily signifies valid, until properly avoided.

All these significations are justified by usage.

*Voidable* is also used with equal looseness to express all degrees of invalidity less than that absolute nullity, which admits of no confirmation.

Proceedings of judicial tribunals, which have no jurisdiction of the subject matter upon which they assume to act, are void absolutely, and in the strictest sense of that term.

Those of tribunals which have jurisdiction of the subject matter are not absolutely void, by reason of any irregularity or illegality of their proceedings in general, but they are avoidable by proper and timely objections.

They may be confirmed by the parties interested, and any exceptions to the proceedings may be waived or released.

The laying out of highways partakes of the character of judicial proceedings.

The laying out of a highway by selectmen, in cases where they have general jurisdiction of the subject, is not void in the strictest sense of that term, although the course of proceedings prescribed by the statute may not have been followed.

Such laying out may be confirmed, and the objections to it waived by the parties interested.

It can be avoided only by those whose rights and interests have been disregarded by the neglect to comply with the law.

A town which has been indicted for neglect to repair a highway, cannot take exception to the laying out of the highway, after having suffered a default and being fined.

INDICTMENT against the town of Richmond, for neglect to repair a highway. The town did not appear on notice, and was defaulted. A fine was assessed, and an agent appointed to superintend or make the necessary repairs upon the highway. The case was, at the September term, 1852, brought forward upon the docket of the court of common pleas, to

enable the town to move that the commission of the agent may be revoked, and to apply for a remission of the fine.

The motion was made on the ground that the highway was laid out by the selectmen, and the laying out was defective and void, because

" 1. By the records of the doings of the selectmen, it does not appear that fourteen days notice was given to any of the land owners, over whose lands the highway would pass, of the time appointed for the hearing.

2. Because no notice whatever was given, or damages awarded to some of the owners of such land; and

3. Because the damages were awarded to two of said land owners, jointly, and in one sum, though they owned several parcels of the land taken for the road, severally, and their interests were entirely distinct."

Evidence was laid before the court by affidavits in support of the motion, tending to prove the facts stated as the grounds of the motion.

And affidavits were taken for the prosecution, tending to show,

" 1. That though the record is defective, and does not show the proper notice to have been given to the land owners, yet that in fact fourteen days' notice was given to all the land owners, except the owners of one tract of land; and proper evidence of that fact, under oath, was before the selectmen, and was filed in the office of the town clerk, with the rest of the record.

2. Evidence was offered that the road was laid out through land occupied by a widow, as her dower, and of which the reversion was vested in several co-heirs, none of whom were formally notified."

Of these the widow testified that she was present when the road was laid, that she claimed no damages, but waived all claim to notice or damages.

One reversioner was the first petitioner for the road, served

all the notices upon other land owners, and attended the hearing and claimed no damages.

Another was not notified, and had no damages awarded him ; but he was present at the hearing, made no objection that he was not notified, and made no claim of damages, but he now testifies that he claims damages.

Five others testify that they had no notice, and desired none, and that they relinquish and waive all claims to notice and damage.

As to two others, no waiver appeared.

" 3. The return of the selectmen showed that damages were awarded jointly to two land owners, and it appeared that their interests were distinct." But the evidence for the prosecution tended to show that one of these owners had conveyed his land and assigned his claim for damages to a third person, who had agreed with the other owner to accept and divide the damages awarded, and waive all claim to further damages, and all objections to the award of damages.

None of the land owners appear to object to the road, though the evidence showed that one of them had forbidden the building of the road.

It appeared that nearly half of the road had been opened and wrought.

Upon this motion, it was ordered that the agent should suspend further proceedings in collecting the fine and making the highway, until the future order of the court. And the question arising upon the motion was transferred to the superior court.

*Cushing*, for the town.

*Wheeler* (Solicitor) and *Bennett*, for the State.

BELL, J. This application is founded upon the dicta of the judges, who delivered the opinion of the court in *Pritch-*

*ard* v. *Atkinson,* 3 N. H. Rep. 335; *Dudley* v. *Cilley,* 5 N. H. Rep. 561; and *Robbins* v. *Bridgewater,* 6 N. H. Rep. 524; where it is said that if selectmen proceed otherwise than according to law in laying out highways, all their proceedings are *void,* and their validity may be called in question collaterally, and no *certiorari* lies to quash their proceedings, because, as is suggested, their proceedings are not judicial.

We find it difficult to conceive that the character of proceedings as judicial or otherwise, can depend upon the office or station of those who take part in them. If a power is judicial when it is exercised by one set of men, it can hardly have a different character when similarly exerted by others. Whenever one or more persons are authorized or required to call parties before them, to hear their allegations and their proofs, and to pronounce a determination between them, to make a decision by which the rights of parties are to be bound, that power seems to us to be judicial, and their proceedings are judicial. Such seems to us to be the power exercised, under our statutes, by the selectmen of towns in laying out highways.

Wherever any judicial power is exercised by any persons by virtue of law, in a cause unknown to the common law, no writ of error lies; and the only remedy to set aside or reverse the proceedings is the writ of *certiorari.* *Huse* v. *Grimes,* 2 N. H. Rep. 210.

The general superintendence vested by the law in the superior court over all courts of inferior jurisdiction, for the prevention and correction of errors and abuses, where the laws have not provided a remedy, (Rev. Stat. ch. 181, § 7,) can be exercised only by means of the writ of *certiorari;* and we can hardly deem it necessary or proper for a court of corrective jurisdiction to declare in advance that a writ of *certiorari* does not lie in a class of cases, which may strongly call for such a remedy, and where it may seem to others that it was the only appropriate remedy. The dicta referred to have

not the authority of decisions, because this point was not then before the court. The decisions in Maine and Massachusetts, which were cited by the court, have no force here, because the powers of selectmen in those States, in relation to laying out highways, are essentially different from those of like officers here. There the power to establish roads is vested in the town upon the report of the selectmen, while here the entire power to lay out and establish is vested in the selectmen.

The cases of *Parks* v. *Mayor, &c. of Boston,* 8 Pick. 218; *Hancock* v. *City of Boston,* 1 Met. 122; and *Stone* v. *City of Boston,* 2 Met. 220, are authorities directly to the point, that a *certiorari* does lie to correct the errors of tribunals possessing the precise powers of our boards of selectmen on this subject, and of course to the point that the power in question is judicial. It is not, however, necessary to pursue this inquiry further in the present case. But it ought not to escape our attention that the redress which may be obtained in cases of highways improperly and illegally laid out, by treating the proceedings as nullities, when they are brought in question collaterally, must often be more dilatory and imperfect than the remedy by *certiorari.*

Though it is true that where a *certiorari* does not lie to reverse or set aside a proceeding, because it is not of a judicial character, such proceeding may be impeached by proof, when collaterally brought in question; yet this is equally true of the proceedings of inferior tribunals of special and limited powers, though they may be beyond dispute of a judicial character, and liable to be reversed on a *certiorari,* if such tribunal has acted in a case or against a person, or by a process or mode of proceeding beyond its jurisdiction, and not warranted by law. The principle is general that wherever any persons assume to act under a special and limited power conferred by law, their doings may be avoided by showing that they had no jurisdiction, or that they have exceeded the limits of their authority. *Russel* v. *Perry,* 14

N. H. Rep. 152; *Sanborn* v. *Fellows*, 2 Foster's Rep. 473; *Morse* v. *Presby*, 5 Foster's Rep. 299; 2 Cow. & Hill's Phill. Ev. 179, (3d ed.); *Robbins* v. *Bridgewater*, and cases there cited. So that as to the point that the proceedings of selectmen, in these cases, may be collaterally impeached, it makes little difference whether a *certiorari* does or does not lie to reverse their proceedings. Indeed, it may be regarded as settled, that though a party has a right to treat the proceedings of an inferior tribunal as nullities in a collateral proceeding, he may, nevertheless, maintain a *certiorari* to set them aside. *Starr* v. *Trustees of Rochester*, 6 Wend. 564; *Striker* v. *Mott*, 6 Wend. 465.

Though it is said, in the cases relied on by the defendants, that if selectmen proceed otherwise than according to law in laying out highways, all their proceedings are *void;* yet it by no means follows, we think, that in the broadest sense of the term *void*, those proceedings are *mere nullities.* There is in our books great looseness and no little confusion in the use of the terms *void* and *voidable*, growing, perhaps, in some degree, out of the imperfection of our language. There are at least four kinds of defects which are included under these expressions, while we have but those two terms to express them all. 2 Kent's Com. 234; 7 Bac. Ab. 64, Void and Voidable; 22 Vin. Ab. 12, Void and Voidable; Jacob's Law Dict. Void.

I. Proceedings may be wholly void, without force or effect as to all persons and for all purposes, and incapable of being or being made otherwise. This is the broadest sense of the word, but the cases which fall within this signification are probably not numerous.

II. Things may be void as to some persons and for some purposes, and, as to them, incapable of being otherwise, which are yet valid as to other persons, and effectual for other purposes. As a deed, executed by an idiot, and by others capable of contracting, may be void as to the idiot, and yet binding as to the others. An instrument in form of

a deed, but without a seal, may be void as a conveyance, and yet be binding for some other purposes.

III.  Things may be void as to all persons and for all purposes, or as to some persons and for some purposes, though not so as to others, until they are confirmed; but though said to be void, they are not so in the broadest sense of that term, because they have a capacity of being confirmed, and after such confirmation they are binding.   For this kind of defect our language affords no distinctive term.   They are strictly neither *void*, that is, mere nullities, nor voidable, because they do not require to be avoided, but until confirmed they are without validity.   They are usually spoken of as *void*, and as usage is the only law of language, they are so called correctly.   It is, therefore, always to be considered an open question, to be decided by the connexion and otherwise, whether the term *void* is used in a given instance in one or the other of these in some respects dissimilar senses.

IV.   Contracts and proceedings are properly called *voidable*, which are valid and effectual until they are avoided by some act.   *Prima facie* they are valid, but they are subject to defects, of which some person has a right to take advantage, who may by proper proceedings for that purpose entirely defeat and destroy them.   Voidable contracts are in general, perhaps always, like the last class referred to, capable of confirmation by the party who has the right to avoid them.   2 Banv. Inst. §1321.

Matters which are properly *voidable* are very commonly spoken of as *void*.   *Smith* v *Saxton*, 6 Pick. 487.   Technically and legally speaking, they are improperly so called. But the word *void* is so often used by good writers, and even by legal writers, in the sense of invalid, ineffectual or not binding, that it can hardly be said that this is not a correct and legitimate use of the term.

Our books are full of examples of the loose and inaccurate use of these words, and many difficult questions have grown out of this circumstance.   They are so common that

The State *v*. Richmond.

we think no strong inference is to be justly drawn from the unqualified use of these words, as to the particular kind or degree of invalidity meant, where the attention of the court is not clearly directed to that point. There is nothing in the cases referred to which shows that the word *void* was used there in its strictest technical and legal sense, rather than in any other of the ordinary and less rigid senses in which the word may be used. There was no discussion, in either case, calculated to raise any question as to the nature or degree of invalidity created by proceeding to lay out a highway otherwise than according to the law; and our impression is that the term void, used in these cases, must be understood as expressing merely the idea that the proceedings were defective and invalid.

Upon a careful examination of the case, we are unable to satisfy ourselves that where a road is laid out by selectmen, in an illegal manner, the proceedings can be regarded as void absolutely and as to all the world, and for all purposes, and as incapable of confirmation to any extent, or as to any person, as the defendant here must contend, any more than the proceedings of the court of common pleas in a similar case.

We understand that the defects in the proceedings of special and limited tribunals, may fall under either of the classes to which reference has been made. They may render all that is done void absolutely and unqualifiedly; or void as to some persons and for some purposes only; void, but capable of confirmation; or voidable only upon some act being done proper for that purpose.

Of the first class is the want of jurisdiction of the subject matter. If private individuals assume to act without any legal authority, or if authorized tribunals or officers proceed to act in cases to which their authority does not extend, as if the overseers of the poor or private persons should assume to lay out a highway, or the selectmen of one town should attempt to lay out a highway in an adjoining town, their

proceedings would be merely and absolutely void. Their want of legal authority cannot be supplied. No act or assent of parties in such a case can confer any jurisdiction. *The Marshalsea case*, 10 Co. 76; *Weaver* v. *Clifford*, 2 Buls. 64; *Starr* v. *Trustees of Rochester*, 6 Wend. 564; *Cuyler* v. *Trustees of Rochester*, 12 Wend. 165; *Carlisle* v. *Weston*, 21 Pick. 535; 3 Chitt. Gen. Prac. 524; *Taylor* v. *Phillips*, 3 East. 155; *Bum* v. *Thomas*, 2 Johns. 190; *Barrett* v. *Crane*, 16 Vt. Rep. 246; *Striker* v. *Mott*, 6 Wend. 465; 2 U. S. Dig. 675; 1 Jur. 17, 18; 5 Jur. 248, 19.

And the exception cannot be waived. *Stoughton* v. *Mott*, 13 Vt. Rep. 175; *Brooks* v. *Davis*, 17 Pick. 148; *Brooks* v. *Daniels*, 22 Pick. 498; *Brooks* v. *Adams*, 11 Pick. 442.

The jurisdiction of courts as to the subject matter may be limited in very various ways, as to the original proceedings or those of an appellate character; to civil or criminal cases; cases at common law, in equity, or in the admiralty; to probate cases, or cases under special statutes.

They may be restricted by the nature or amount of the controversy; confined to officers having certain prescribed qualifications; to single magistrates, or to several acting jointly. Their powers may extend to a State, county or town, &c. *Sumner's Petition*, 14 N. H. Rep. 268. They may be authorised to exert their powers only at particular places, and at specified times, and no others. 2 Cow. & Hill's Notes 196. Their jurisdiction may be confined to particular classes of persons; *Pecker* v. *Proctor*, 2 Wilson 382; *Pearce* v. *Atwood*, 12 Mass. 324; *Bowman* v. *Russ*, 6 Cow. 234; *Williams* v. *Blunt*, 2 Mass. 207; *Smith* v. *Shaw*, 12 Johns. 257; *Mills* v. *Martin*, 19 Johns. 7; *Rathbun* v. *Martin*, 20 Johns. 343; and to proceedings commenced by particular modes; *Ladbrook* v. *Jones*, Willes. 199; *Wyman* v. *Mitchell*, 1 Cow. 316; *Tracy* v. *Dakin*, 7 Johns. 75; as by petition, *Pritchard* v. *Atkinson*, 3 N. H. Rep. 335; *Wiggin* v. *Exeter*, 13 N. H. Rep. 304; by complaint under or

without oath, &c.; *McCoy* v. *Hyde,* 8 Cow. 68; *Evertson* v. *Sutton,* 5 Wend. 281; *Latham* v. *Egerton,* 9 Cow. 227; *Morse* v. *Presby,* 5 Foster's Rep. 299, and in various other modes not necessary to refer to.

All these restrictions fall within the class of exceptions which relate to the subject matter of the jurisdiction. They all fall within the rule, that consent will not confer jurisdiction. But no exception of this class is suggested in this case.

It is not only necessary that all courts should have jurisdiction of the subject matter, but it is necessary that they should acquire jurisdiction of the persons of parties, by due notice of the proceedings by which their rights or interests may be bound. And it makes no difference in this respect, that the tribunal has jurisdiction of the class of persons, as a part of the subject matter of their jurisdiction, as in the case of courts martial, over persons bound to do military duty, the court must still acquire a particular right over the individual as a party, by the service of process or notice, or that which the law regards as equivalent to these.

It will readily be seen, that in the nature of things, there is an essential difference between the signification of this word jurisdiction, in this case, and in the case where we speak of jurisdiction of the subject matter. And it is therefore important to distinguish between the general jurisdiction over persons of a class, and that over the individual, gained by notice. In many cases this distinction is not at all adverted to.

As a general rule, the want of such jurisdiction over the persons of parties, as is usually acquired by the service of process or notice, renders the proceedings void. *Bigelow* v. *Stearns,* 11 Johns. 41; *Beach* v. *Abbot,* 6 Vt. Rep. 586; *Tenny* v. *Filer,* 8 Wend. 569; *Reynold* v. *Orvis,* 7 Cow. 269; *Capron* v. *Austin,* 7 Johns. 96; *Murdock* v. *Phillips'* *Academy,* 12 Pick. 244; *Thurber* v. *Blackburn,* 1 N. H. Rep. 242; *Whittier* v. *Wendell,* 7 N. H. Rep. 257; *Rangely* v. *Webster,* 11 N. H. Rep. 299.

But they are void in a different sense from that in which the word is used in the cases before spoken of. They are void not as to all parties, but only as to those who have not been brought within the jurisdiction. They are void, not absolutely and incurably, but void only until they are confirmed. And they may be so confirmed at any time, until they have been actually set aside by a judicial decree or judgment. This principle is of constant and familiar application in all legal proceedings. The party, who has not been duly summoned or notified, is always and everywhere understood to waive his exception, if he appears and suffers a general continuance, or pleads in bar of the action, or in any way submits his case to the judgment of the court, without at once making his objection at the earliest opportunity. *Van Wormer* v. *Mayor of Albany,* 15 Wend. 262; *Piquet* v. *Swan,* 5 Mass. Rep. 43; *Flower* v. *Parker,* 3 Mass. Rep. 251; *Hall* v. *Williams,* 6 Pick, 237; *Shumway* v. *Stillman,* 6 Wend. 447; *S. C.,* 4 Cow, 292; *Starbuck* v. *Murray,* 5 Wend. 148; *Hoxie* v. *Wright,* 2 Vt. Rep. 262; *Bellows* v. *Ingraham,* 2 Vt. Rep. 575; *Mayhew* v. *Fletcher,* 6 Wheat. 129 ; *Wheeler* v. *Raymond,* 8 Cow. 311; *Railroad* v. *Artcher,* 6 Paige Ch. 83; *Squires* v. *Broome,* C. P. 10 Wend. 600. And on the same principle the party may release an objection of this kind, and it is thereby forever obviated, and this upon the familiar doctrine, that any man may release or waive a right created for his benefit.

Inferior courts of special jurisdiction may lack the power to issue the process, or to adopt the course of proceedings to which they have resorted. Their modes of proceeding may be precisely prescribed, and, if they deviate from those modes, their proceedings may be invalid, void or voidable on this account; but they are void, if so, only as to those who have cause to complain on account of them, they are voidable only by those who are injured, and the exception may be waived and the proceedings confirmed by those who alone have cause of complaint. Those persons, as to whom

The State *v.* Richmond.

the process and proceedings have been regular, can take no exception, because others have not been notified, or that they have not been notified in a legal and proper manner.

Irregularities, which is but another word for illegalities, in the proceedings in an action, furnish everywhere ground of exception to the party whose rights are affected by them, and the irregular proceedings are at once set aside, on motion of the proper party. But it is a general rule, that if a party who has ground to move the court to set aside any process or proceeding of any kind, neglects to make his application in a reasonable time, after the facts have come to his knowledge, he is deemed to waive the exception by the delay, and will be forever precluded to make the objection afterwards. 1 Tidd. Pr. 90, 434, 435; *Fox* v. *Marcy*, 1 B. & P. 250; ib. 344; *Pearson* v. *Rawlings*, 1 East. 77; *D'-Argent* v. *Vivant*, 1 East. 330; *Hanson* v. *Hoitt*, 14 N. H. Rep. 56; *Fletcher* v. *Wells*, 6 Taun. 191; *Gaive* v. *Goodman*, 2 Smith 391; *Smith* v. *Whittier*, 9 N. H. Rep. 466.

There are exceptions to this rule, as where a statute declares a proceeding void; *Taylor* v. *Phillips*, 3 East. 155; *Vanderpool* v. *Wright*, 1 Cow. 209, n. a.; or authorises particular process on certain conditions, which are not complied with; *Hussey* v. *Wilson*, 5 D. & E. 254; *King* v. *Horne*, 4 D. & E. 349; *King* v. *Smith*, 4 D. & E. 577; in which cases there is no waiver by delay.

These cases, it is admitted, relate to proceedings in courts of general jurisdiction, but it is not seen that any ground of distinction exists in this particular on that account. The same principle has been applied where the proceedings were before courts of special and limited jurisdiction. *Stone* v. *City of Boston*, 2 Met. 228; *Pritchard* v. *Atkinson*, 3 N. H. Rep. 339; *Jones* v. *Andover*, 9 Pick. 155; *Harlow* v. *Pike*, 3 Greenl. 44; *Van Wormer* v. *Mayor of Albany*, 15 Wend. 262; *Commonwealth* v. *Henry*, 7 Cush. 512; *Enos* v. *Dayharsh*, 1 Seld. 534; *Dyckman* v. *Mayor &c., of New York*,

1 Seld. 434; *Monterey* v. *Co. Comm'rs*, 7 Cush. 403; *Mc-Allister* v. *Albion P. R. Co.*, 11 Barb. S. C. 648.

No objection being suggested to the general jurisdiction of the selectmen to lay out highways within their town, the illegalities charged in this case all fall within the two last classes of exceptions; want of jurisdiction over the parties from neglect to give them notice, and defects in the course of proceeding afterward, in the improper assessment of damages as to some parties, and neglect to assess any damages in the case of others.

These exceptions, we think, do not render the laying out absolutely void, though they render them liable to be avoided. *Farwell's Petition*, 2 N. H. Rep. 25. Until they are so avoided, they remain valid as to some persons, and for some purposes, and are capable of confirmation. They are not impeachable by every body, nor open to be assailed by those who have no interest in the matter, nor by those as to whom the proceedings have been regular, nor by those who have waived their exceptions, and thus confirmed the laying out, either directly or incidentally.

In such cases we therefore have to inquire whether the party who raises a question is one who has a right to complain; whether the cause of objection which he assigns affects him or his interests; and if it did once affect him, whether he has waived the exception by the part he took in the proceedings, or has since otherwise waived or released it, and thus disabled himself to make the objection.

If these questions can be asked at all, we can easily suppose cases, where answers might be given, which would satisfy a court upon an application for a *certiorari*, which is issued upon a petition, and proof that substantial injustice is done, that the party applying should not be heard. And it would surely be very extraordinary, that a proceeding before selectmen should be held void absolutely and incurably, for a cause, which upon an application for a *certiorari* the court would not listen to for a moment. If a land holder, peti-

tioning for a *certiorari*, should assign for the cause of quash-
ing the proceedings, that legal notice was not given to an-
other land owner, at the other end of the road, perhaps
miles distant, the court would inquire if he complains. If
not, they would not interfere. If the petition alleges want
of fourteen days notice, in writing, to himself, as the law
ordinarily requires, would his petition be granted, if it were
shown that he was himself the principal petitioner for the
road, who had personally served the notices on others, or
that though not notified, he had attended, and without ob-
jecting on that account he had urged or opposed the road ;
or that though neither a petitioner, nor notified, nor present,
he was aware of the whole proceeding, and had assisted
those who sought for the road with his services or his money ?
It would seem, it would be held, that in either of these
cases he had, by his participation in the proceedings, or by
his conduct in relation to them, waived any objection for
want of notice, and could not be heard. The same would
probably be the result in case of an objection of the want
of notice, if it appeared that damages were awarded to the
party for his land, and he had accepted them in full satisfac-
tion. So if the objection suggested was, that a party was
not notified, and had no damages awarded to him, would a
*certiorari* be awarded, if it appeared that he had been paid
the damages claimed, or had waived or released his dam-
ages, or formally released all exceptions to the laying out ?
Or if the objection was the last stated in this case, that ·
damages were not properly awarded, being assigned to two
jointly, when their interests were several, it would not be
contended that a *certiorari* should be issued, if they had ac-
cepted the award and discharged their claim. *Strong* v. *Co.
Com'rs*, 31 Maine (1 Red.) 578.

Our view in this respect is, we think, strongly supported
by the decision of the supreme court of Massachusetts, in
*Commonwealth* v. *Meiher*, 3 Met. 445. Two objections
were made to the laying out of a highway by selectmen,

accepted by the town. First, that one Ward, the owner of the land over which a part of the highway was laid, and upon which was the building alleged in the indictment to be a nuisance, was not notified of the laying out; and second, that the selectmen and the town had exceeded their jurisdiction in laying out another part of the highway below high water mark. It was insisted that by these defects the laying out was rendered absolutely void. It appeared that the defendant did not claim to trace any title from Ward. The court say, admitting that Ward had no notice, and that the proceedings are void as to him and to those claiming title under him, we are of opinion that a stranger, as the defendant is, who has derived no title from Ward, cannot take advantage of this defect. We hold that the proceedings of the selectmen and town were void only in respect to Ward; or in other words, they were voidable only, and not to all intents null and void. And they subsequently add, admitting that the selectmen had no right to lay out the way below highwater mark, we think this does not vitiate the whole proceedings, but only so far as the selectmen exceeded their jurisdiction. It is true, if the proceedings were before us on a *certiorari*, we could not by the rules of law quash in part and affirm them in part; but there is no such rule, where a party attempts by plea or proof to avoid proceedings, which are partly void and partly valid.

Lapse of time and acquiescence of parties must always furnish ground to presume a waiver of objections. If a town were sued for damages resulting from want of repairs of a highway, and it was shown that the road was formally laid out, and opened and built by the town, and repaired from time to time, for years, it would hardly be deemed a good defence, that there was a defect in the original laying out, because some land owner had only ten days' notice of the hearing, instead of the fourteen days' notice, which the laws prescribe. However valid such an exception might be, either for the town or the land owner, if seasonably

made, it must probably be held that, after such lapse of time and such acquiescence, both parties have waived the exception.

The case of Richmond falls within that class of cases, where the party having been afforded a fit occasion to avail themselves of any exception, have neglected to make their objection, and must therefore be taken to have waived it, if indeed they are not technically estopped now to complain. They were indicted for neglect to repair the road now in question. They appeared and had opportunity to make any objection to the road which the facts admitted of. But instead of defending the charge, they made default, and thus confessed the indictment, admitted all the facts alleged in it, and were convicted and fined. As between the State and them, they have waived all exceptions to the laying out of the road; they have admitted it to be a legal highway, which they were bound to repair. They cannot afterwards, in the same case, be heard to deny this. That others may have valid objections to the road is nothing to them. They have none.

If the agent to expend the fine had found his operations resisted by those who had rightful objections, his representations should have been listened to. If any land owner had shown to the court that he had well founded objections to the action of the selectmen, the court would have directed the agent to stay his hand; but neither of these complain. Many of those who are suggested to have been overlooked, and not noticed in the return, have made no complaint, and others have waived any exception. It will be time, we think, to consider their complaints, when they bring them to our notice.

We do not understand that any writing is ever necessary to constitute or prove a waiver of exceptions of this kind. *Seymour* v. *Carter*, 2 Met. 520; *People* v. *Goodwin*, 1 Seld. 568.

The provisions of the ninth and tenth sections of chapter

fifty of the Revised Statutes seem to us very conclusive, that neither the want of notice to parties in interest, nor the omission to assess damages in favor of a party entitled to them, render the proceedings in laying out a road absolutely void, as the theory of Richmond requires them to maintain.

The ninth section provides, that " if any person shall think himself aggrieved by the assessment of damages by the selectmen, he may within one year after such road is opened, petition," &c., for redress.

The tenth section provides, that " any person who had no actual notice of the laying out of any highway, may, within one year after the same shall be opened and made, apply to said court, as provided in the preceding section, and the court, after notice as aforesaid, shall award damages and costs, and issue execution," &c.

It is contended, that the tenth section should be confined and understood to apply to the case stated in the sixth section, " upon affidavit of one of the petitioners, that the owner of any land over which such road may pass, or his residence is unknown or uncertain, such notice may be published in a newspaper;" or to the case stated in the third section, where notice may be " left at the usual place of abode," neither of which necessarily gives actual notice to the party. But we see no reason to restrict a remedy, which seems reasonable and proper in itself, and equally proper in all cases, where the party has in fact had no notice of the proceedings, to a small class of cases in no way distinguishable in principle from others, against the express terms of the statute itself, which is broad as language can make it.

*Motion denied.*