29  88
068  84

## COLE & a. v. TOWN OF CANAAN.

A highway must be laid out in conformity with the route described in the petition; otherwise the doings of the road commissioners will be without authority and invalid.

When the highway petitioned for was a way commencing "at or near the end of the road near Daniel B. Cole's house, thence northwestwardly on the most practicable route till it intersects the road leading from the Orange road to Washington Wilson's house, at a stake a little northerly of Lorenzo Jameson's house, in said Canaan," and the highway described in the report of the road commissioners, was as follows, viz: "beginning at a stake and stones," which was the proper point of beginning as set forth in the petition, thence running by various courses particularly set forth, "to the centre of the now traveled highway leading to Washington Wilson's house in said town of Canaan, thence north thirty-five degrees, east on the said now traveled highway sixteen rods, to a stake standing on the north side of the highway a little north of said Jameson's house," it was *held* that the road laid out must be regarded as intersecting the highway leading to Washington's Wilson's house, at the point where it first met with said traveled road, and not at " a stake a little northerly of Lorenzo Jameson's house ;" that the aforesaid stake being the point of intersection or terminus contemplated by the petition, and the road laid out, not intersecting the road leading to Wilson's house at that point, was not in conformity with the prayer of the petition, and that the doings of the commissioners were, consequently unauthorized and void.

PETITION for a highway in the town of Canaan, in this county.

The petitioners alleged " that there was occasion, for the public convenience and accommodation, for a new highway in the town of Canaan," " commencing at or near the end of the road near Daniel B. Cole's house, thence northwestwardly on the most practicable route, till it intersects the

road leading from the Orange road to Washington Wilson's house, at a stake a little northerly of Lorenzo Jameson's house in said Canaan." They represented that they had petitioned the selectmen of said town of Canaan to lay out said highway, but they had neglected and refused, and still neglected and refused to lay out the same.

They, therefore, requested the justices of the court of common pleas to lay out, on the route above described, a highway of the width of three rods, &c.

At the April term of the said court, 1853, the petition was presented, and no objection being made, was referred to the road commissioners. At the September term, 1853, the road commissioners made their report, which the town of Canaan moved to set aside, because the highway laid out by the road commissioners, is laid upon a route substantially different from that described in the petition to the court and to the selectmen.

The road commissioners described the road as follows : " We, therefore, lay out the highway prayed for, of the width of three rods, as follows, beginning at a stake and stones," &c., which is admitted to be the point of the beginning in the petition, thence by various courses particularly set forth, " to the centre of the now traveled highway leading to Washington Wilson's house, in said town of Canaan, thence north thirty-five degrees east, on the now traveled highway, sixteen rods to a stake standing on the north side of the highway, a little north of said Jameson's house." This stake is admitted to be the last terminus described in petition.

The following is a copy of a plan, furnished by Canaan, made by Martin, a surveyor, from actual survey, which will be sufficiently understood from the notes which appear upon it, explanatory of it, and which are in accordance with the facts set forth in an affidavit of said Martin, which was exhibited to the court below, in connection with the plan, and which showed that the distance between the point on

the highway leading to Wilson's house, at which the high-
way laid out by the road commissioners first meets with that
highway is, in fact, twenty-two rods from the stake stand-
ing a little north of Jameson's house, instead of sixteen
rods, as set forth in the report.

Upon the foregoing facts appearing, the petitioners mov-
ed for judgment on the report, which was not granted, but
the questions arising upon the aforesaid facts and motions
were transferred to this court for decision.

*Weeks,* for the town of Canaan.

The justices of the court of common pleas have no
authority by statute to lay out roads in towns, unless the
petitioners first apply to the selectmen of the town to lay
out the same, and they neglect and refuse. No application
has been made to the selectmen of Canaan to lay out the
road which the road commissioners have laid out, and which
is the subject of controversy in this case. The road com-
missioners have laid out a route, substantially different from
that described in the petition to the court and to the select-
men. The petitioners allege that "there is occasion for a

new highway in the town of Canaan, commencing at or near the end of the road near Daniel B. Cole's house, thence northwestwardly, on the most practicable route till it *intersects* the road leading from the Orange road to Washington Wilson's house, at a stake and stones, a little northerly of Lorenzo Jameson's house in said Canaan." Now the road commissioners laid out a road intersecting the Wilson road, twenty-two rods south of the stake and stones, northerly of said Jameson's house, and then run up on said Wilson road to the terminus described in the petition. If the commissioners had stopped when and where they intersected the Wilson road, the laying out would have been clearly void. And can they make their doings valid by resorting to a subterfuge, and running up on said Wilson road twenty-two rods? We think not; for they do not intersect said Wilson road at the terminus described in the petition, but intersect it south of said Jameson's dwelling-house, and twenty-two rods south of the terminus described in the petition to the court and the selectmen.

*Kittridge*, on the same side.

The petition is for a road intersecting the Wilson road, north of Jameson's house. The road, as laid out, does not intersect the Wilson road, north of Jameson's house, but south of it. An inspection of the plan shows this fact, and no argument can elucidate it or make it more plain.

*Sargent*, for the petitioners,

Cited the Compiled Statutes, ch. 52, §§ 8, 9; *Wiggin & a.* v. *Exeter*, 13 N. H. Rep. 305.

WOODS, J. The prayer of the petition was for a highway in Canaan, commencing at or near the end of the road near Daniel B. Cole's house, thence to run northwestwardly on the most practicable route till it intersects the road leading from the Orange road to Washington Wilson's house,

at a stake a little northerly of Lorenzo Jameson's house in said Canaan." The highway, as laid out, is admitted to be correct as to the point of beginning, and is in conformity with the petition in that particular. It runs thence, by various courses set forth in the report, " to the centre of the now traveled highway leading to Washington Wilson's house, in said Canaan, thence north thirty-five degrees, east on the now traveled highway sixteen rods, to a stake standing on the north side of the highway a little north of said Jameson's house."

The question arising upon the case is, whether the road laid out is the same road prayed for; whether the laying out is in conformity with the prayer of the petition. The law requires that the road laid out should be substantially the same as that represented in the petition, to be required by the public exigencies. Is that rule of law complied with in this case?

Is a road running by various courses " to the centre of the now traveled highway leading to Washington Wilson's house, in said Canaan, thence north thirty-five degrees, east on the now traveled highway sixteen rods, to a stake standing on the north side of the highway, a little north of said Jameson's house," the same way, substantially, as a road " commencing at or near the end of the road, near Daniel B. Cole's house, thence northwestwardly on the most practicable route till it *intersects* the road leading from the Orange road to Washington Wilson's house, at a stake a little northerly of Lorenzo Jameson's house in said Canaan?"

The point at which the road, as laid out, strikes the road leading from Orange to Washington Wilson's house is, in fact, as ascertained by subsequent admeasurement, about twenty-two rods from the " stake a little northerly of Lorenzo Jameson's house," in a direction south, thirty-five degrees west therefrom. The road thence runs north thirty-five degrees, east on the road which it thus strikes, meets with,

Cole *v.* Town of Canaan.

or intersects, and there it reaches the point in the road at the stake a little northerly of Lorenzo's Jameson's house.

It is claimed that the road thus laid out, and running upon the road which, by the petition, it was to intersect, can in no proper sense be said to intersect that road at the stake aforesaid. And that, consequently, it cannot be said to run upon any route falling within the petition, or contemplated by it. And we incline to adopt that view. The road prayed for is a road which was to intersect the road leading from the Orange road to Jameson's house, at the stake before mentioned. Now the road laid out did in fact intersect that road twenty-two rods southwesterly of that stake, and did not, in any proper meaning of the term, intersect it at that point. It merely run upon the road leading to Wilson's house until it reached the stake, but did not cut it, or meet with it, or intersect it there. Whatever latitude was given in the petition to the intermediate course of the way, (Rules of Court 81 ; *Wiggin* v. *Exeter*, 13 N. H. Rep. 304,) the termini, we think, were definitely and plainly fixed, as by law they should be, ( *Wiggin* v. *Exeter*,) by the terms of it. The northwesterly terminus of the way prayed for was fixed at the point upon the road leading from the Orange road to Wilson's house, at which it could be properly said so to meet with it as to intersect it at the aforesaid stake. Inasmuch as it is seen by the plan accompanying and making part of the case, that the road laid out intersects the road leading from the Orange road to Wilson's, twenty-two rods from the stake near Jameson's, and not at the stake, as it should do, in order to be in conformity with the petition, we think the laying out was not authorized, and that the motion of the petitioners for judgment on the report should be denied.

*Motion denied.*