## CHARLES STINSON & A. v. DUNBARTON.

Upon a petition for a new highway, selectmen and county commissioners may lay out a road in part new and in part over and upon an existing highway.

Where a report of county commissioners laying out a new highway is recommitted for want of notice to certain land owners of the hearing before the commissioners, such land owners have the right to be heard before the commissioners upon the general question of the laying out, and are entitled to a reasonable opportunity to hear the evidence and cross-examine the witnesses of the petitioners as well as to offer evidence for themselves.

PETITION for a new highway all in said Dunbarton. It alleges the prior due presentment of a petition to the selectmen of the town for the laying out of the highway and their refusal to lay out the same.

This petition was entered in this court, as of February Term, 1861, and referred to the county commissioners at that term. At the October Term, 1863, said commissioners made their report, laying out a highway the same as that hereinafter described. Objection was made on the part of the town to the acceptance of that report, because no notice

of the hearing before the commissioners had been given to certain owners of lands over which said highway was laid out. Thereupon, by order of the court, the petition was recommitted generally to the commissioners, and they proceeded without any reference to their prior action, appointing a time and place of hearing, and giving notice accordingly to the town and to all the land owners.

At the time appointed the petitioners, with their counsel, and the counsel for the land owners, before referred to, who had not notice of the former hearing, and also for the town, appeared. Thereupon the counsel for the petitioners stated that the case had been once heard and was recommitted for further hearing; that the commissioners had at the former hearing examined the proposed route, and all other routes, and heard testimony; that the petitioners were ready to show the commissioners the proposed route, and all others affecting it, if the commissioners desired, but they had no new evidence to offer, and submitted the case on their part without offering any testimony then.

The counsel for the land owners, before referred to, claimed that said land owners, not having had any opportunity to be heard, or any participation in the former hearing, were not to be affected by the evidence offered at that hearing, or the proceedings then had, and that no evidence being offered in favor of the petition, the decision of the commissioners should be against the laying out of the highway. And, as counsel for the town, they made the same claim on its part, as the recommitment was general and without reference to the prior proceedings.

The commissioners stated that they were ready to hear any party who wished to be heard, but having once examined the route and heard testimony, and nothing being offered in any way to affect the decision then made, it would be affirmed and their report be in favor of laying out the road as before.

The counsel for the petitioners requested the commissioners to rule, as a question of evidence, whether they would consider the examination made and the evidence offered at the former hearing, or whether the petitioners should proceed to show the route and offer testimony. The commissioners decided that they would consider that examination and evidence, and hear any further evidence or make further examination, if offered by any party, but that if no new evidence was offered to induce them to change their former decision in favor of laying out the highway, it would be adhered to. To these rulings and decisions the counsel for the land owners, and also for the town excepted, but the commissioners, no evidence being offered on either side, proceeded to lay out the highway, and now make their report to this court.

The route described in the original petition to the selectmen of the town, and also in this petition is, "commencing at a stake near the dwelling house of Jona. Ireland, in said town of Dunbarton, from thence in the most direct and convenient route to a stake on the line separating the towns of Goffstown and Dunbarton, near the dwelling house of Thomas R. Hoyt." The commissioners in their report lay out a highway "commencing at a stake or hub near the dwelling house of Jona.

Ireland, in said town of Dunbarton, thence southerly in and over the old road, as it now runs, three hundred and eleven rods to a stake or hub in the centre of the road, near the dwelling house of Thomas Wilson, thence south," &c., (diverging from said road and for the distance of 624 rods,) "to the old road near a large elm tree, thence on and over the old road, as it is now travelled, in a south-easterly direction seventy rods, to the town line between said Dunbarton and the town of· Goffstown, and exactly opposite a stake· on said line," &c.

The old roads above mentioned were public highways long before the original petition to the selectmen, ever since and still legally established, and in use in said town, and the aforesaid portions of the highway described in the reports as extending on and over said old roads, are identical with them, without any deviation or difference whatever.

·The counsel for the petitioners now move that said report be accepted and judgment be rendered thereon.

The counsel for said land owners and also for the town, move that said petition be dismissed on account of the ·court not having authority under it to establish the highway described in said report, and in case that motion is denied, that said report be rejected on account of said erroneous rulings and proceedings of the commissioners.

. Either party may refer to the report and accompanying papers.

*Eastman & Cross*, for petitioners.

*Minot & Mugridge*, for Dunbarton and others.

BARTLETT, J.  "Upon a petition for a new highway, selectmen and road commissioners may lay out a road in part new and in part over and upon an existing highway." *Raymond* v. *Griffin*, 23. N.· H. 340; *Hopkinton* v. *Winship*, 35 N. H. 215; *State* v. *Boscawen*, 28 N. H. 195.  In the present case it does not appear that the road as laid out is not substantially a direct and convenient means of communication between the termini described in the petition, and no fraud is shown; we must, therefore, take the judgment of the commissioners as conclusive as to the necessity.  *Hopkinton* v. *Winship*.  Here, no question of jurisdiction or of an attempt to evade the statutory provisions upon that subject arises as in *Newport's Petition*, 39 N. H. 67; and the road is laid out between the termini described in the petition; the case therefore differs from *Eames* v. *Northumberland*, 44 N. H. 67, and *Ford* v. *Danbury*, 44 N. H. 388, for in each of those cases one terminus set out in the petition was not reached in the laying out.  In *Cole* v. *Canaan*, 29 N. H. 88, and in *Newport's Petition*, the objection was not that the new highway was in part laid over an existing highway, but in the former that it did not conform to the petition which prayed for a new highway to intersect with an old one at a given point, and in the latter that a new highway was in fact laid out in but one town, and that, therefore, there being no occasion for a new highway in two towns, the Supreme Judicial Court had no original jurisdiction.  In *Sumner's Petition*, 14 N. H. 268, the objections were that· the commissioners had no

original jurisdiction to lay out a new highway wholly in one town, and also that the laying out was not in conformity to the termini described in the petition.    The case before us presents none of these objections, and we are of opinion that the first exception must be overruled.

Here the recommitment was general and opened the report to amendment in any particular; *Peavey* v. *Wolfborough*, 37 N. H. 294; and the reason of the recommitment was that certain of the land owners might have opportunity to be heard.

In determining whether occasion for a new highway exists, there are three things to be considered :    1st. "The public exigency and convenience.    2d. The burden that is to be imposed upon the town or towns where the road is to be laid out, in making and keeping it in repair. 3d. The rights of individuals whose lands may be taken for the purpose ; and the rule is that when the public exigency is such, that it will justify the taking of the lands of individuals without their consent for the purpose, and will also justify the imposition of the burden upon the town of making the road and keeping it in repair, then there is an occasion for a highway.    When such a case is shown, the rights of individuals must give way to the public convenience and necessity, and the town must submit to receive the burden."    *Dudley* v. *Cilley*, 5 N. H. 560.    As to the land owner the first question is whether the public exigency is such as to justify the taking of his land without his consent, and upon this question he has a right to be heard.    *Clarke* v. *Gilmanton*, 12 N. H. 519 ; *State* v. *Reed*, 38 N. H. 60 ; *Pierce* v. *Somersworth*, 10 N. H. 369 ; *Pritchard* v. *Atkinson*, 3 N. H. 338.    In *Berry* v. *Hebron*, 38 N. H. 198, and in *Patten's Petition*, 16 N. H. 281, the questions related merely to the assessment of damages and not to the right of the land owner to be heard upon the general question of the laying out.

In the present case an examination of the route had been made by the commissioners before the hearing in question, in the ordinary course of their proceedings, and no question of the propriety of their conduct is suggested as in *Patten's Petition;* and whether an offer by the commissioners to examine the route further, if any party desired it, would or not ordinarily under similar circumstances give the land owners, on whose account the report was recommitted, a reasonable opportunity to be heard so far as a view was concerned (see *Jones* v. *Goffstown*, 39 N. H. 257 ; *Raymond* v. *Griffin*, 23 N. H. 344) we need not now consider, for by the ruling of the commissioners these new parties were to be affected as to a question, upon which they had a right to be heard, by evidence which they had no opportunity to hear or meet ; and the testimony of witnesses whom they had not heard and could not cross-examine was to be weighed in the determination of their rights ; and this in law and in fact amounts to a denial to them of their right to a full and fair hearing ; *Bunker* v. *Nutter*, 9 N. H. 557 ; *Webster* v. *Alton*, 29 N. H. 384; *Rogers* v. *Stevens*, 45 N. H. 478 ; 1 Gr. Ev. sec. 445, and seq. ; and for this reason the report must be recommitted.    This reason, however, does not apply to the town, which, if it had not already had reasonable opportunity to be heard, (see *Jones*

v. *Goffstown*,) had certainly had full opportunity to hear and reply to the evidence and to cross-examine the witnesses, and was then offered an opportunity to be still further heard.    The report must be recommitted.