## FLANDERS *v.* COLEBROOK.

Where the petition for a highway made a stake and stones in an existing highway one of the termini, and the road laid out struck this highway more than one hundred rods northerly of that terminus, and then over. that highway to that bound, it was *held* that that was such a departure from the highway prayed for as to render the laying out invalid.

PETITION of George W. Flanders and others for a highway in the town of Colebrook.    The route designated by the petition was as follows :  " Beginning at a point where the Hollow road, so called, intersects with the highway leading from the River road in said Colebrook,

past the dwelling-house of Daniel C. Bumford to South Hill in Stewartstown in said county, thence running in a south-westerly direction to a stake and stones standing in front of the store of Hazen Bedel & Co., in said Colebrook." The commissioners laid out a highway as follows : " Beginning at a point where the Hollow road, so called, intersects with the highway leading from the River road, so called, in said Colebrook, past the dwelling-house of Daniel C. Bumford to South Hill in Stewartstown in said county ; thence [by various designated courses] to the highway leading from Main street, in Colebrook village, to Factory village ; thence north 67 degrees west, 74 rods ; thence north $4\frac{1}{2}$ degrees east, 19 rods ; thence north $1\frac{1}{2}$ degrees east, 14 rods, to a stake and stones standing in front of the store of Hazen Bedel, in Colebrook village aforesaid."

The following chalk is appended for illustration ; but the original plan used in argument at the trial term, and the petition and report, are made parts of the case :

The route described in the petition is from A to C. The route described in the report is from A to B, where there was no highway before; thence *via* D to C, all the way upon and over an existing highway which has been maintained in good repair by the town of Colebrook and used by the public for more than twenty years. The distance of the route described in the petition is 484 rods,—that of the route as laid by the commissioners is 618 rods 24 links, of which 132 rods 1 link is laid over and upon said old and existing highway. The petitioners moved for judgment on the report, and the town of Colebrook moved that the report be set aside. The court ordered the report set aside, and the petitioners excepted.

*Dudley* and *Bingham*, for the petitioners.

*O. P. Ray, O. Ray, Fletcher & Heywood*, for the defendants.

BELLOWS, C. J. The new highway prayed for begins at a point where the Hollow road intersects with the road to Colebrook, then in a south-westerly direction to a stake and stones standing in front of Hazen Bedel's store.

From the report of the commissioners this terminus would seem to be in an existing highway, and on reaching it the commissioners laid a road intersecting the road to Colebrook more than one hundred rods before striking said terminus, and for the remainder of the way laid this road over and upon the existing highway to said terminus; and the question is, whether the laying out is such a departure from the route prayed for as to render it invalid for want of jurisdiction.

The petition is for a highway from the point of beginning south-westerly to the stake and stones.

Under it the commissioners are not bound to make their line of road straight from one terminus to the other, or even to run it south-westerly, but may in their discretion determine where the line of way between the two termini shall be. *Wiggin* v. *Exeter*, 13 N. H. 309. So, giving the course in the petition as south-westerly is not fixing an intermediate bound. *Stevens* v. *Goffstown*, 21 N. H. 457.

Ordinarily, then, the commissioners may locate the road between the two bounds, as in their discretion they may deem the public good to require; and as they may lay out the road in part new and in part over and upon an existing highway—*Stinson* v. *Dunbarton*, 46 N. H. 385, and cases cited—it must follow that in the case at bar the laying out would not be necessarily invalid because it was partly laid over an existing highway: still there may be cases where, although by formally adopting an existing highway in part a highway may be laid out from one terminus to the other, yet the highway actually laid out may be totally different from the one prayed for, and obviously not within the contemplation of the applicants. In such a case the laying out must be regarded as defective.

Such a case would exist where a road was laid from the point of

beginning in a direction wholly different from the route contemplated in the petition and for an entirely different purpose, but still ending in a highway that was connected with others, which would lead to the other terminus, and over which a road was formally laid merely to evade the objection of not having laid a road from one terminus to the other.

In *Cole* v. *Canaan*, 29 N. H. 88, the road prayed for commenced at a point named, then northwardly on the most practicable route till it intersects a certain road at a stake a little northerly of one Jameson's house, while the road laid out intersected the highway described twenty-two rods west of this stake, and from thence on the highway to the stake.

It was held that the road so laid out was not the same as the one prayed for, because it did not intersect with the existing highway at the stake.

It is urged plausibly by the plaintiff's counsel, that the petition requires the new road to *intersect* the old one at the stake, which is not accomplished by intersecting it twenty-two rods west of it and then running on that road to the stake, and that in this respect it differs from the case before us.

We think that the difference is not of such a substantial nature as to call for the application of a different rule in the two cases.

In the case of *Cole* v. *Canaan*, the terms " intersect the road at the stake " may naturally be understood as implying that the new road should strike the old one at that point, making the stake the terminus. In the case at bar the petition is for a road running in a south-westerly direction to the stake and stones. This, we think, also implies that the new road will strike the old one at the stake, though perhaps not quite so clearly as in the other case.

On the other hand, the departure in the present case is much greater than in the other, being 107 rods against 22 rods.

In fact, this is in substance a laying out of a road from the place of beginning to the point where it strikes the highway from Main street in Colebrook to Factory Village, a distance of 107 rods from the terminus in the petition, because the laying out from that point to the terminus in the petition is merely formal, and alters nothing,—the highway being already established.

Such a laying out over an existing highway was regarded in the *Petition of Newport*, 39 N. H. 67, as of no effect whatever in determining the question of jurisdiction.

Indeed, in no fair sense can this be regarded as a laying out of a highway, unless the old way has been discontinued, or there is a defect in the former laying out ; otherwise nothing is changed; but it is a mere evasion. Upon the whole, we think that here is such a wide departure from the road prayed for, that the court may well say that the road laid out is not the one prayed for, and the

*Exceptions are overruled.*