Mar. 20,<br>1876.       HODGDON v. NEW HAMPTON.

*Highway—Laying out to follow petition as to termini—Power of commissioners to apportion expense to town in adjoining county.*

*Cole* v. *Canaan,* 29 N. H. 88, and *Flanders* v. *Colebrook,* 51 N. H. 300, affirmed.

Under Gen Stats., ch. 62, secs. 10, 11, 12, county commissioners may, by their report, assign such reasonable part of the damages assessed, and of the expense of laying out and making the highway, as they think just, to be paid by a town in an adjoining county.

FROM BELKNAP CIRCUIT COURT.

PETITION for a new highway in New Hampton. The questions arise upon the report of the commissioners.

At the hearing before the commissioners, the town of New Hampton requested them to summon in the adjoining towns of Center Harbor in said county, and Ashland in Grafton county, on the ground that they would be benefited, and New Hampton burdened by the laying of the road. These towns were notified and ordered by the commissioners to contribute to New Hampton in the building of the road.

Ashland objected to the jurisdiction of the commissioners and court to compel it to contribute, on the ground that it is not in the county of Belknap, where the road is laid and the proceeding had. The court overruled this objection, and Ashland excepted.

The town of New Hampton filed exceptions, in writing, to the acceptance of the report, assigning, among other reasons, that the road laid out is not the one petitioned for. In fact, the road, as laid out by the commissioners, at the west end intersects an old public highway forty-five rods from the western terminus named in the petition. This old highway runs at nearly right angles with the road laid out intersecting it. The court overruled this objection, and the town excepted.

The questions thereupon arising were transferred to this court for determination by RAND, J.

*Whipple* and *Wilson*, for the petitioners.

*Wilson*, for Ashland.

*Pike & Blodgett*, for New Hampton.

LADD, J. The case states that the road, as laid out by the commissioners, at the west end intersects an old public highway nearly at right angles, forty-five rods from the western terminus named in the petition. This brings the case clearly within the doctrine of *Cole* v. *Canaan*, 29 N. H. 88, and *Flanders* v. *Colebrook*, 51 N. H. 300. The rule followed in *Stinson* v. *Dunbarton*, 46 N. H. 385, does not apply. I think this exception to the laying out was well taken, and that the report should for this cause have been set aside.

I am of opinion that the commissioners of Belknap county did not exceed their powers under Gen. Stats., ch. 62, secs. 10, 11, 12, in summoning in the town of Ashland in Grafton county, and reporting that that town should contribute to New Hampton in building the road. By the act of 1850 it was provided, that if the commissioners, upon examination, were of opinion that the town or towns through which the proposed road passes would be excessively burdened by defraying all the expenses of its construction, and that any other town or towns in the vicinity, *in the county or counties through which such road passes,* would be greatly benefited by its construction, they may give notice, &c., and apportion the expense to such other towns as they deem just and reasonable, &c. In the General Statutes, the words " in the county or counties through which such road passes " are stricken out, and the provision is, that " when a petition for laying out a highway is referred to the commissioners, and any town in which the highway may be may present their petition to the commissioners setting forth that the expense of the proposed highway would be excessively burdensome to them, and that another town named, situate in the vicinity, would be greatly benefited thereby, and praying that a part of said expense may be borne by such other town." Gen. Stats., ch. 62, sec. 10. I think this alteration was designed to effect and does effect an important change in the law. That the learned commissioners who

revised the statutes so regarded it, is shown by their report to the legislature, where the new law is marked as being a substitute for the old one, and the alteration as material. The reasonableness and justice of this alteration are very apparent. It needs no argument to show that the interposition of a county line makes no difference with the benefit which may result to the inhabitants of a town from the building of a road outside their corporate limits. There is no reason why the people of a town in Grafton county may not be just as much benefited by the opening of a new road in an adjacent town in Belknap county, as by the opening of a new road in an adjacent town on the other side, in Grafton county.

It is said, on behalf of the town of Ashland, that the jurisdiction and powers of county commissioners are restricted to the limits of their respective counties; and this is, in general, true. At the same time it is also true, that they are public officers, created by the legislature, with such powers and such jurisdiction as the legislature may from time to time see fit to confer upon them. But this objection and any apparent incongruity in the law are much modified by the fact that the judgment of the commissioners is by no means final; for it is expressly provided, that "such other town may appear and be heard as a party upon the acceptance of the report, and by its acceptance said town shall be made liable to pay the portion of damages and expenses so assigned." Gen. Stats., ch. 62, sec. 13.

I think the objection that the selectmen, who originally laid out the highway which the town within two years voted to discontinue, were disqualified to act upon the petition, came too late, and was properly overruled.

CUSHING, C. J. Although it does not appear by the case, yet I infer, from the argument of the plaintiffs' counsel, that the terminus of the road prayed for in the petition was described as at the *intersection* of the new highway with an old highway at a certain point. The road laid out intersected the old highway at a different point, and forty-five rods distant from it. The question is, always, whether the road laid out is the road described in the petition. If the petition prays for a highway leading from a certain point to another certain point, by the best practicable route, it would not, as the law stood before the General Statutes, have vitiated the laying out if it had been partly over existing highways. But when the intersection of a new road with the old road is made a part of the description, that description is not answered by laying out the road intersecting the old road at a different place, the question in every case being whether the road laid out is substantially the road prayed for.

I agree that, on the description as I understand it to be stated in the brief, the road laid out was not the road prayed for; and I think this result is in accordance with the authorities cited by my brother LADD.

The other objections were rightly overruled.

SMITH, J. All petitions relating to highways are required to be referred to the commissioners of the county in which the proposed highway is situate, except where it may pass over lands in two or more counties. Gen. Stats., ch. 63, sec. 4. In such cases only does the statute (sec. 5) require the petition to be referred to the commissioners for all such counties. By ch. 62, secs. 10–12, provision is made by which the town in which a proposed highway is situate may present its petition to the commissioners, setting forth that the expense of such proposed highway would be excessively burdensome to it, and that another town named, in the vicinity, would be greatly benefited thereby, and praying that part of the expense may be borne by such other town. The commissioners are thereupon required to notify such other town, and afford it an opportunity to be heard upon the question of laying out the highway, and of its contributing to the expense ; and they may assign such reasonable part of the expense as they think just, to be paid by such other town.

No provision is made for referring a petition to the commissioners of more than one county, except in the case where the road prayed for lies in more than one county. As this proposed highway is situate wholly within the limits of Belknap county, the petition was properly referred to the commissioners for that county, and the court manifestly had no power to refer it to the commissioners of Belknap and Grafton counties. If the legislature had intended that the commissioners of both counties should sit in a case like this,—where, during the hearing, the town within whose limits the proposed highway is situate, may ask that some other town in the vicinity, but in another county, be required to bear a portion of the expense,—it has failed to say so, and has also failed to make any provision by which the petition may be recalled from the commissioners of the county to which it was in the first instance referred, and be committed to the commissioners for both counties. The failure of the legislature to so provide, when considered with the express provisions of the statute above cited, makes it quite clear to my mind that it did not intend to confer jurisdiction in such a case upon the commissioners of more than one county.

But as the first exception, that the road laid out is not the one prayed for, is well taken, the report must be set aside.

*First exception sustained.*